[Nos. 10728–3–I; 10740–2–I.   Division One.   February 28, 1983.]

THE STATE OF WASHINGTON, *Respondent,* v. DUNCAN E. BUSH, ET AL, *Appellants.*

*Paris K. Kallas* and *James E. Sedney* of *Washington Appellate Defender Association,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *James Roe, Deputy,* for respondent.

WILLIAMS, J.—Duncan Bush and Barry Smith were charged by juvenile court information with burglary in the second degree. After Smith entered a guilty plea and Bush was found guilty at an adjudicatory hearing, orders of disposition were entered directing them to pay restitution to the victim of their crime. They appeal from the disposition orders, we affirm.

The facts are undisputed. Bush, Smith, and two other boys burglarized a private residence, several items including a valuable coin collection being taken. At a disposition hearing, the victim testified that his total loss was about $1,200, the value of the coins being placed at $1,004.15 and miscellaneous items at $206.20. The court ordered payment of $1,000 as restitution to the victim.

The restitution provision of the Juvenile Justice Act of 1977 in part provides:

(1) In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. The payment of restitution shall be in addition to any punishment which is imposed pursuant to the other provisions of this chapter.

The court may determine the amount, terms, and conditions of the restitution. If the respondent participated in the crime with another person or other persons, all such participants shall be jointly and severally responsible for the payment of restitution. The court may not require the respondent to pay full or partial restitution if the respondent reasonably satisfies the court that he or she does not have the means to make full or partial restitution and could not reasonably acquire the means to pay such restitution. . . .

(2) A respondent under obligation to pay restitution may petition the court for modification of the restitution order.

RCW 13.40.190. Restitution is defined in RCW 13.40-.020(17):

"Restitution" means financial reimbursement by the offender to the victim, and shall be limited to easily ascertainable damages for injury to or loss of property, actual expenses incurred for medical treatment for physical injury to persons, and lost wages resulting from physical injury. Restitution shall not include reimbursement for damages for mental anguish, pain and suffering, or other intangible losses.

■ The first contention is that the amount of the victim's loss was not "easily ascertainable," as required by RCW 13.40.020(17), because the amount was disputed at the hearing. The act confers upon the juvenile court judge the discretion to determine the "amount, terms, and conditions of the restitution." RCW 13.40.190. This grant of power is tempered by RCW 13.40.020(17) which limits recovery to tangible damages, such as "loss of property," and precludes recovery for intangible losses, such as pain and suffering, through the restitution mechanism. "Easily ascertainable" damages are those tangible damages which are proved by sufficient evidence to exist. Precise determination is not required. *See* Annot., 79 A.L.R.3d 976, 986 (1977). As was said in *Haner v. Quincy Farm Chems., Inc.,* 29 Wn. App. 93, 97–98, 627 P.2d 571 (1981), *aff'd in part and rev'd in part on other grounds,* 97 Wn.2d 753, 649 P.2d 828 (1982):

Once the fact of damage is established, the precise amount need not be shown with mathematical certainty. Evidence of damage is sufficient if it affords a reasonable basis for estimating the loss and does not subject the trier of fact to mere speculation or conjecture.

Requiring juvenile offenders to pay restitution where sufficient evidence proves that tangible losses were caused by their criminal acts allows the underlying purposes of the restitution provision, victim compensation and juvenile accountability, to be effectuated. *See* RCW 13.40.010(2)(c) and (h). There was no error.

The next contention is that the court erred by not taking into account the boys' ability to pay. The disposition order required each to pay $40 per month. If burdensome, the order can be modified, RCW 13.40.190(2), and no sanctions will be incurred unless there is a willful refusal to comply with the order, RCW 13.40.200(3)(a). There was no abuse of discretion.

Another issue raised only by Bush is whether the restitution order denied him equal protection of the law. U.S. Const. amend. 14; Const. art. 1, § 12. Bush argues that because he was required to pay $1,000 and one of the other burglars nothing, he was denied equal protection.

Bush's restitution was set at $1,000, an amount which closely approximated the value of the stolen coins and albums. Smith's restitution was similarly set. At a separate proceeding, another participant was ordered to pay $1,200 restitution, an amount which closely approximated the victim's total loss. All three boys were deemed jointly and severally liable to the victim. A fourth participant, in yet another separate proceeding, was not ordered to pay anything, apparently because the State did not prove that restitution was appropriate in his case.

The test for determining whether disparate sentences violate equal protection principles is whether there is a rational basis for the disparity. *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975), *review denied,* 86 Wn.2d 1011 (1976). The various orders of disposition were ration-

ally based on the facts before each judge at the individual hearings. There was no denial of equal protection of the law.

The orders of disposition are affirmed.

SWANSON and CORBETT, JJ., concur.

Reconsideration denied March 24, 1983.

Review denied by Supreme Court May 24, 1983.