[No. 25084-1-I.   Division One.   August 3, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK DELANO
POLLARD, *Appellant.*

*Eric Broman* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Peter Goldman* and *Anna Dremousis, Deputies,* for respondent.

GROSSE, C.J. — Frank Pollard appeals from an order of restitution based on the unlawful issuance of checks. His court appointed attorney filed an *Anders*[1] motion to withdraw on the ground that he could find no basis for a good faith argument on review.

Pollard was charged with six counts of unlawfully issuing checks or drafts. The information alleged that Pollard, with the intent to defraud, issued checks from several bank accounts that he knew were not covered by sufficient funds. The six counts alleged the amounts of the checks as follows: count 1, $1,200; count 2, $3,000; count 3, $1,500; count 4, $375; count 5, $500; count 6, an amount exceeding $250.

Pursuant to a plea agreement, Pollard pleaded guilty to count 1 as charged in the information. The State agreed to dismiss counts 2 through 6 upon disposition of count 1. In the section labeled "OTHER", the plea agreement stated:

---

[1] *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967).

Defendant agrees to pay restitution on *all* counts I through VI. Restitution on counts III, IV and V will be paid at or *prior* to sentencing date.

In the section labeled "RESTITUTION", the agreement stated:

Pursuant to RCW 9.94A.140(2), the defendant agrees to pay restitution to victim(s) of the offense(s) not prosecuted as follows: See appendix B.

Appendix B to the plea agreement, in pertinent part, set forth the following information:

RESTITUTION — CHARGED COUNTS (Indicate count, police department, police number and victim's name) is as follows:
Ct I SPD 84-317182
Rainier Bank
RESTITUTION — UNCHARGED CRIMES, RCW 9.94A-.140(2) (indicate police department, police number and victim's name) is as follows:
SPD 84-317182
Peoples Bank
Puget Sound Mutual (now Savings Bank of Puget Sound)
Rainier Bank

The Seattle Police Department (SPD) report SPD 84-317182, compiled after interviews with bank personnel at the respective institutions, set forth the amounts of the checks in the charged and uncharged offenses as: Union Bank, $1,515.35; Peoples Bank, $4,500; Rainier Bank, $1,000; Puget Sound Savings Bank, $375.

On August 7, 1985, the court accepted Pollard's plea, and on October 6, 1989, the sentencing court dismissed counts 2 through 6. Because Pollard disputed the restitution amount at the sentencing hearing, a subsequent restitution hearing was held. At that hearing, Pollard contested the amount of restitution on all counts.

The State presented the court with an order setting restitution according to information that defense counsel had seen. Defense counsel agreed that restitution could be ordered in amounts corresponding to the check amounts, but objected to any service charges. Defense counsel raised no other objection to the restitution amount, but informed

the court that Pollard continued to dispute the entire amount.

Pollard argued that because banks simply do not pay checks in substantial amounts before collection, that amount did not accurately reflect the banks' actual losses. In response to Pollard's request for production of documents reflecting those losses, the state victims assistance unit representative informed the court that because Pollard deposited the checks into his account and then withdrew the cash, its report reflected the actual amount lost. Defense counsel did not object that the representative had not been sworn before making this statement, nor did counsel make any hearsay objection.

When the court asked Pollard if he wished to present any evidence, Pollard stated that he had not yet seen everything. His attorney interrupted him and said she had already shown him the checks. They argued briefly, at which time the court gave Pollard a copy of the information presented to the court.

The court ordered restitution based on the check amounts as set forth in the police report (SPD 84-317182), but excluded all service charges. The court ordered restitution as follows: Union Bank & Trust, $1,200; Security Pacific National Bank (previously Rainier), $1,000; Puget Sound Bank, $375; Peoples Bank, $4,500. Pollard appealed from the order of restitution. His court appointed attorney filed a motion to withdraw on the ground that he could find no basis for a good faith argument on review.

The State moved to strike the brief, arguing that *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967) requires defense counsel to discuss why potential issues defendant might raise are without merit. This court found that the proper procedure for withdrawing from representation had been followed: Pollard's counsel on appeal filed a brief with his motion to withdraw and Pollard was served with a copy of the brief and informed of his right to file a pro se supplemental brief. Pollard did not elect to do so.

In reviewing the record to determine whether the issues raised by counsel were wholly frivolous, however, this court noted an additional issue that might not be frivolous. The court therefore affirmed the order of restitution with respect to the issues raised by counsel, but stated that the motion to withdraw would be addressed after further briefing by counsel and resolution of the following issues identified by the court: (1) whether RCW 9.94A.370 applies at restitution hearings; (2) whether that statute requires application of the Rules of Evidence at an "evidentiary hearing" held pursuant to the statute; (3) assuming the evidence rules applied at the "evidentiary hearing" below, was counsel's failure to object to the victims assistance unit representative's statements (which were not made under oath), and to the documentary evidence (because it was not formally offered and admitted into evidence) deficient performance that prejudiced the defense, thus depriving Pollard of effective assistance of counsel. In addition this court put over for argument the issue of the propriety of proceedings for withdrawal of counsel in indigent criminal appeals.[2]

Pollard argues that the Rules of Evidence apply at restitution hearings. When the defendant disputes a material fact at sentencing, the court must either not consider that fact or hold an "evidentiary hearing" under RCW 9.94A-.370(2). *State v. Pockert*, 53 Wn. App. 491, 498, 768 P.2d 504 (1989) ("real facts" statute applies at restitution hearings). Although the words "evidentiary hearing" appear in RCW 9.94A.370(2), that statute does not specifically require that the Rules of Evidence be applied at restitution hearings. Rather, it states in pertinent part:

> In determining any sentence, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing. Acknowledgement includes not objecting to information stated in the presentence reports. *Where the defendant disputes material facts, the court must either not consider the fact or grant an evidentiary hearing on the point.* The facts

[2]Proceedings in this matter were stayed pending the Supreme Court's resolution of *State v. Strauss*, 119 Wn.2d 401, 832 P.2d 78 (1992).

shall be deemed proved at the hearing by a preponderance of the evidence.

(Italics ours.) RCW 9.94A.370(2).

■ ER 1101 states explicitly that the rules need not be applied at restitution hearings:

(c) **When Rules Need Not Be Applied.** The rules [of evidence] . . . need not be applied in the following situations:

. . . .

(3) *Miscellaneous Proceedings.* Proceedings for . . . sentencing . . .[.]

Setting the restitution figure is an integral part of the sentencing proceeding. *See* D. Boerner, *Sentencing in Washington* § 4.8, at 4-14, 4-15 (1985) (restitution advances the sentencing purposes of the Sentencing Reform Act of 1981). *See also* RCW 9.94A.120(16) (formerly (14)) ("The court shall order restitution whenever the offender is convicted of a felony that results in injury to any person or damage to or loss of property . . .").

■■ To interpret the "real facts" statute as requiring application of the Rules of Evidence would place the statute in conflict with ER 1101, requiring application of the latter. Court rules supersede conflicting procedural statutes. *See, e.g., State v. Saldano*, 36 Wn. App. 344, 350, 675 P.2d 1231 (applying the principle to ER 609), *review denied*, 102 Wn.2d 1018 (1984); RCW 2.04.200. Moreover, our State Supreme Court has rejected the argument that use of the word "evidentiary" in RCW 9.94A.370(2) indicates a legislative intent that the Rules of Evidence apply at these hearings. Reasoning that the Legislature would not have attempted to effect a significant change in the law by mere implication, the court held that the Rules of Evidence do not strictly apply at sentencing hearings held pursuant to RCW 9.94.370(2). *State v. Strauss, supra* at 418.

■ Although the Rules of Evidence do not apply at restitution hearings, the evidence presented to the trial judge must nevertheless be sufficient to support a finding of restitution in the amount ordered. Evidence admitted at a sentencing hearing must nevertheless meet due process requirements, such

as providing the defendant an opportunity to refute the evidence presented, and requiring that the evidence be reliable. *Strauss*, at 418 (referencing *Townsend v. Burke*, 334 U.S. 736, 741, 92 L. Ed. 1690, 68 S. Ct. 1252 (1948)).

■ ■ The trial court has discretion to determine the amount of restitution. *State v. Mark*, 36 Wn. App. 428, 433, 675 P.2d 1250 (1984). We will find abuse of that discretion only where its exercise is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). Certainty of damages need not be proven with specific accuracy. *Mark*, 36 Wn. App. at 434 (citing *State v. Bush*, 34 Wn. App. 121, 123, 659 P.2d 1127, *review denied*, 99 Wn.2d 1017 (1983)). "Evidence of damage is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture." *Mark*, 36 Wn. App. at 434 (citing *Bush*, 34 Wn. App. at 124). If the amount of damages is established by "substantial credible evidence" at the restitution hearing, no abuse of discretion will be found. *Mark*, 36 Wn. App. at 434.

■ Notwithstanding the forgiving abuse of discretion standard, the record must permit a reviewing court to determine exactly what figure is established by the evidence. Otherwise the case must be remanded for resentencing based on an appropriate finding establishing the actual amount the victim lost. *State v. Tindal*, 50 Wn. App. 401, 405, 748 P.2d 695 (1988). It is noteworthy that in this case the information did not state the amount alleged to have been taken as to any of the counts. Thus, by his plea Pollard admitted only that he had indeed written the checks and that he agreed to make restitution on them, but not in any particular amount. Even if the certificate of probable cause had contained information as to the amounts alleged to have been lost by the banks his challenge to the allegations of loss precluded its consideration. *See State v. Young*, 51 Wn. App. 517, 754 P.2d 147 (1988).[3]

---

[3]Although the panel of this court reviewing the previous challenge to the sufficiency of the evidence as to restitution considered the issue wholly

On February 8, 1991, the clerk of this court wrote to appellate counsel indicating that the record on appeal was incomplete. Specifically, the clerk requested submission of the "support documentation" to which the victims assistance representative had referred at the restitution hearing, and to the documents the court mentioned it was "reviewing" at that hearing. The record as of this date contains no such supplementary information. The only evidence in the record supporting the sum of restitution ordered is a police report that records what bank personnel at the respective institutions stated the banks had lost. We deem this report, standing alone, which is double hearsay, an insufficient basis upon which to base the sum of restitution ordered. With relative ease the State could have produced bank records or personnel to precisely and conclusively establish the actual amounts lost. Additionally, Pollard may be correct that the mere fact that he withdrew funds from his account does not in itself establish the loss on the part of the bank(s). The question is whether the instruments were paid by the drawee(s) on presentment. *See generally* RCW 62A.3, Uniform Commercial Code — Commercial Paper, and RCW 62A.4, Uniform Commercial Code — Bank Deposits and Collections. For example, Pollard used checks from Union Bank in Alabama to make the deposits at Peoples Bank in Seattle. Since one of the counts alleged a loss to Union Bank and the record does contain a copy of a letter from that bank supporting that loss due to an overdraft, it is possible that Peoples was paid on at least one instrument. This uncertainty might well be cleared up by a review of the entire police report. The record contains only a portion however.

Because we cannot conclude on the record before us that the amount of restitution ordered was based on sufficient

---

frivolous, we review that issue anew here because of the special obligations imposed by the *Anders* process. This court has an independent obligation to ascertain to its satisfaction that there is no merit to the appeal. *See McCoy v. Court of Appeals, Dist. 1*, 486 U.S. 429, 441, 100 L. Ed. 2d 440, 455, 108 S. Ct. 1895 (1988).

information, we reverse and remand for a new hearing based on an adequate record establishing the banks' actual losses.[4]

The State argues that *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967), as implemented by Washington courts, requires appellate counsel, after having identified potential arguments a client might advance, to analyze those arguments and discuss how they are wholly without merit. While *Anders* does not compel the procedure the State recommends, the United States Constitution would not proscribe it,[5] and the rule's language is sufficiently terse to occasion a discussion of the procedure we deem appropriate to appellate counsel withdrawing from representation of indigent clients.

The conditions for withdrawal of counsel are set forth in RAP 15.2[6] which provides:

> **(h) Withdrawal of Counsel in Appellate Court.** If counsel can find no basis for a good faith argument on review, counsel should file a motion in the appellate court to withdraw as counsel for the indigent. *The motion should be supported by*

---

[4]Because we remand on this basis we do not reach the question of whether Pollard received ineffective assistance of counsel. The paucity of the record would, in any event, make that determination difficult at best. We likewise do not reach Pollard's argument that it is improper to order restitution on the basis of unsworn testimony, although we note that it would be a better practice for the trial court to swear all witnesses. Indeed, minimal requirements of due process may well require sworn testimony. *See Nirk v. Kent Civ. Serv. Comm'n*, 30 Wn. App. 214, 633 P.2d 118, *review denied*, 96 Wn.2d 1023 (1981). *But see State v. Olive*, 47 Wn. App. 147, 734 P.2d 36, *review denied*, 109 Wn.2d 1017 (1987).

[5]*See McCoy v. Court of Appeals, Dist. 1, supra.*

[6]A proposed amendment to RAP 18.3 that was not adopted would have relocated RAP 15.2(h) into the general rule governing motions for withdrawal. It proposed the following pertinent change in language:
(2) If counsel appointed to represent an indigent defendant can find no basis for a good faith argument on review, the motion to withdraw must be accompanied by a brief referring to anything in the record that might arguably support review. . . .
Proposed amendment to RAP 18.3, 115 Wn.2d xiv (Proposed Rules of Court, Jan. 9, 1991) (order of Supreme Court dated Dec. 6, 1990).

*a brief.* The motion and brief will be reproduced by the clerk and served on the opposing party and the person represented by counsel seeking to withdraw.

(Italics ours.)

In *Douglas v. California*, 372 U.S. 353, 9 L. Ed. 2d 811, 83 S. Ct. 814 (1963), the Supreme Court recognized that the Fourteenth Amendment guarantees a criminal appellant the right to counsel on a first appeal as of right. In *Anders v. California, supra,* the Supreme Court held that while appellate defense counsel could withdraw from representation if an appeal was wholly frivolous, that conclusion required more in the way of support than the bare assertion by appointed counsel that there was no merit to the appeal. The *Anders* Court reasoned:

> The constitutional requirement of substantial equality and fair process can only be attained where counsel acts in the role of an active advocate in behalf of his client, as opposed to that of *amicus curiae.* . . . His role as advocate requires that he support his client's appeal to the best of his ability.[7]

(Footnote omitted.) *Anders,* 386 U.S. at 744. These considerations led the Court to set forth the appropriate procedure for counsel seeking to withdraw from representation of indigent criminal defendants, as follows:

> [I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

*Anders,* 386 U.S. at 744.

The Court expressly noted:

> This requirement *would not force appointed counsel to brief his case against his client* but would merely afford the latter that advocacy which a nonindigent defendant is able to obtain.

---

[7]This statement is mitigated by the holding in *McCoy v. Court of Appeals, Dist. 1, supra,* that it does not violate the United States Constitution for a state to require withdrawing counsel to discuss why any potentially appealable issues lack merit.

It would also induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.

(Italics ours.) *Anders*, 386 U.S. at 745.

The United States Supreme Court has subsequently noted that these requirements serve a dual function: assisting the court in determining that counsel in fact conducted the required detailed review of the case and that the appeal is truly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988); *McCoy v. Court of Appeals, Dist. 1*, 486 U.S. 429, 100 L. Ed. 2d 440, 108 S. Ct. 1895 (1988) (the *Anders* brief assists the court in determining "whether appointed counsel have fully performed their duty to support their clients' appeals to the best of their ability" and "whether the appeal is indeed so frivolous that counsel should be permitted to withdraw." *McCoy*, 486 U.S. at 439, *cited in Penson*, 488 U.S. at 82).

The Washington court adopted the *Anders* procedure in *State v. Theobald*, 78 Wn.2d 184, 470 P.2d 188 (1970). Since then, we have expressly noted *Anders'* concern that an attorney appointed to represent an indigent defendant act as an advocate and not merely as amicus curiae. *See State v. Robinson*, 58 Wn. App. 599, 603, 794 P.2d 1293 (1990), *review denied*, 116 Wn.2d 1003 (1991).[8] Indeed, in *Robinson* this court quoted with approval the following statement from *McCoy* relative to the duties of appointed counsel:

> The principle of substantial equality . . . require[s] that appointed counsel make the same diligent and thorough evaluation of the case as a retained lawyer before concluding that an appeal is frivolous. . . . The appellate lawyer must master the trial record, thoroughly research the law, and exercise judgment in identifying the arguments that may be advanced on appeal.

*Robinson*, 58 Wn. App. at 603 (quoting *McCoy*, 486 U.S. at 438).

---

[8]In *Robinson*, the court reversed and remanded for a determination of whether the appeal was without merit, because defendant's brief failed to contain citations to the record or legal authority supporting any arguable issues on appeal. *Robinson*, 58 Wn. App. at 605.

The State concedes that the current rule does not compel the result it advocates:

> Respondent concedes that the Washington court rule applicable to appellate motions to withdraw, RAP 15.2(h), does not expressly impose the same *affirmative* requirement upon withdrawing appellate counsel . . . Respondent, nevertheless, urges the court in this case to rule that, despite the Washington rule's silence, *Anders requires* such a discussion.

(Footnote omitted.) Respondent's Motion To Strike Appellant's Motion To Withdraw, at 6. Nothing in *Anders* or subsequent cases supports the assertion. To the contrary, an express rationale underlying the decision is a preservation of counsel's role as advocate of the client. *Anders*, 386 U.S. at 744. *See also Robinson*, 58 Wn. App. at 603.

The State argues that if defense counsel is not required to argue the reasons that potential issues lack merit, the appellate court will be "deprived" of the benefit of defense counsel's thinking. That deprivation will be mitigated, in necessary instances, by requiring a brief from the State discussing why issues lack merit, an alternative that gives the court the benefit of the *State's* thinking. We believe there is much to be said for placing the burden to point out why an issue lacks merit on the party more naturally situated to argue that position — the State.

■ We therefore hold that RAP 15.2(h) requires only that counsel withdrawing representation from an indigent client file a brief identifying issues that could be argued if they had merit, including references to the record and citations to authority pertinent to those issues, without including a discussion of why those issues are frivolous. Contrary to the State's assertion, *Anders* compels no more. Further, we see no reason to read into the plain language of RAP 15.2 a required implementation of new procedures. We are, moreover, reluctant to invite the philosophical and practical difficulties engendered by casting defense counsel primarily in the role of amicus curiae, particularly in the face of case law implicitly accepting *Anders* as adequate. *See, e.g., State v. Theobald, supra; State v. Barton*, 93 Wn.2d 301, 609 P.2d 1353 (1980); *State v. Folden*, 53 Wn. App. 426, 767 P.2d 589,

*review denied*, 112 Wn.2d 1022 (1989); *State v. Robinson, supra.*

The trial court's order of restitution is reversed and the case remanded.

SCHOLFIELD and BAKER, JJ., concur.

Review denied at 120 Wn.2d 1015 (1992).