[No. 37547-4-I.    Division One.    February 24, 1997.]

THE STATE OF WASHINGTON, *Respondent,* v. AARON ANDREW HAIRSTON, *Appellant.*

*Eric J. Nielsen* and *Nielsen & Acosta,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer K. Ryan Gilman, Deputy,* for respondent.

PER CURIAM. — If appointed counsel can find no basis for a good faith argument on appeal, counsel may file an *Anders* motion to withdraw.[1] Such a motion imposes duties on counsel and the reviewing court. We have previously

---

[1] *Anders v. California, infra; State v. Theobald,* 78 Wn.2d 184, 470 P.2d 188 (1970); RAP 18.3.

discussed the duties imposed on appointed counsel as well as counsel for the State.[2] We take this opportunity to clarify the court's role in the *Anders* procedure.

■ *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967) implements the constitutional right to counsel. To that end, when counsel moves to withdraw for lack of merit, the reviewing court has an independent duty to ascertain that there is no merit to the appeal.[3] Thus, the court's role is most visible when the *Anders* brief is inadequate or counsel's compliance with the *Anders* procedure is nominal.[4] In such circumstances, the court may respond by denying the motion to withdraw, appointing new counsel, or conducting its own review of the complete record to determine whether the appeal is indeed frivolous.

By contrast, when the *Anders* brief is adequate on its face, the court may be guided by the brief itself. As recently discussed in *United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996):

> If the brief explains the nature of the case and fully and intelligently discusses the issues that the type of case might be expected to involve, we shall not conduct an independent top-to-bottom review of the record in the [trial] court to determine whether a more resourceful or ingenious lawyer might have found additional issues that may not be frivolous. We shall confine our scrutiny of the record to the portions of it that relate to the issues discussed in the brief.

*Wagner*, 103 F.3d at 553. This approach to record review recognizes that the *Anders* procedure is driven by ensuring the constitutional right to counsel. Thus, when the *Anders* brief makes it apparent that counsel has taken his

---

[2]*State v. Pollard*, 66 Wn. App. 779, 834 P.2d 51, *review denied*, 120 Wn.2d 1015 (1992); RAP 18.3.

[3]*State v. Pollard*, 66 Wn. App. at 785 n.3, *citing McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 441, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

[4]*See, e.g., Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988) (counsel's motion to withdraw was based on a one-paragraph "certification" that counsel had reviewed the record and found no potential error).

or her duty seriously, we will rely on counsel's competence as we do in all other instances.

With these principles in mind, we turn to the instant motion to withdraw. Aaron Hairston, a juvenile, appeals his conviction for fourth degree assault. His court-appointed attorney has filed a 9-page brief with the motion to withdraw. That brief presents a detailed discussion of the evidence introduced at the juvenile court fact-finding. It also outlines the procedural events and the disposition imposed. Finally, the brief identifies potential assignments of error to the court's findings of fact and conclusions of law, indicating that Hairston could potentially challenge the sufficiency of the evidence. The brief correctly recites the elements of the charge and the standard by which the sufficiency of the evidence is reviewed. Hairston was provided with a copy of the brief and informed of his right to file a supplemental brief. He has not done so. Finally, the State has filed a brief, which also fully discusses the evidence and explains why the potential issues lack merit.

We conclude that appointed counsel's *Anders* brief is adequate on its face and reflects that counsel has fully discharged his duties. The brief is detailed, comprehensive, and cogent. Accordingly, our duty does not call for an independent top-to-bottom review of the complete record in search of additional potential issues.

Reviewed under these standards, we conclude the potential issues are wholly frivolous. We grant the motion to withdraw and dismiss the appeal.

Review granted at 132 Wn.2d 1007 (1997).