2013 MAR 11 AM 7:51
COURT OF APPEALS DIV I

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 68237-7-I |
| v. | ) | |
| | ) | |
| ALICEA DEEANN MARTINI, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 11, 2013 |
| | ) | |

DWYER, J. — Alicea Martini pleaded guilty to one count of organized retail theft in the second degree stemming from an incident in which she shoplifted property from two retail stores. She appeals from a subsequent order of restitution, contending that the trial court erred by relying upon hearsay statements in determining the amount of restitution owed. However, the rules of evidence do not apply at a restitution hearing. Instead, where evidence is comprised of hearsay statements, such evidence is admissible so long as it provides a sufficient basis for rebuttal. Here, the State's evidence contained sufficient details to elevate the proof beyond the realm of conjecture and speculation and to provide the defense with a basis for rebuttal. The trial court did not err by relying on this evidence in setting the restitution amount. Accordingly, we affirm.

I

On the evening of May 17, 2009, Macy's security personnel observed Alicea Martini and a second woman concealing articles of clothing within a purse at the rear of the store. The security personnel watched as the two women walked to the front of the store, passing by the checkout registers and exiting without paying for the merchandise. When a Macy's security officer identified himself to the women outside the store, Martini and her companion dropped the purse and attempted to flee. Both women, however, were quickly apprehended and escorted back to the Macy's security office.

Several stolen items were recovered from the purse. In addition to the merchandise taken from Macy's, the purse also contained several articles of clothing belonging to Hollister, a retailer located within the same complex. The clothing from both stores was torn where the security tags had been forcibly removed. The value of the items stolen from Hollister was $394.50 and the value of the items stolen from Macy's was $251.99.

Officers from the Lynnwood Police Department thereafter arrived at the scene, and Martini and her accomplice were arrested and taken into custody. During an inventory search, a broken syringe was discovered within the purse. The tip of the broken needle could not be located.

Martini was thereafter charged with one count of organized retail theft in the second degree. She pleaded guilty to this charge on March 17, 2011. The State agreed that it would not file additional charges based upon the incident. However, as a condition of this agreement, Martini agreed to pay restitution to

Macy's and to Hollister.[1]  Martini further agreed that, in setting the amount of restitution, the trial court could consider the facts set forth in the affidavit of probable cause.

A restitution hearing was held on December 20, 2011.  At the hearing, the State presented the affidavit of probable cause, which stated that the value of the stolen merchandise was $646.49 and that the clothing taken by Martini from Hollister had been damaged when the security tags had been removed.  The arresting officer's report was also presented by the State.  This report indicated that the clothing taken from Macy's had also been damaged during the theft.

The State further presented the affidavit of Diana Kinnebrew, the legal assistant responsible for obtaining restitution information for the Snohomish County Prosecutor's Office.  In her affidavit, Kinnebrew, who had spoken with a security department manager at Hollister, described the policy of the stores regarding disposition of merchandise recovered after a crime:

> The store contracts with a disposal company to dispose or recycle the products.  The manufacturers require all stores to comply with these restrictions, so that inferior merchandise is not circulated to the public.  Even store employees are restricted from buying or using any of the merchandise. . . . [A]ny merchandise, whether it is electronics, clothing, or even hardware, that has left the store or been compromised in any way cannot be sold by the store.  The store must pay additional monies to ship the carton of merchandise to the contracted disposal company once a week.  The store does not profit from recovered merchandise in any form.

Based upon this evidence, the trial court determined the loss to Hollister

---

[1] Martini was sentenced to 12 months plus one day of confinement pursuant to the drug offender sentencing alternative to be served concurrent with another charge.  She assigns no error to this aspect of her judgment and sentence.

- 3 -

was $394.50 and that the loss to Macy's was $251.99. In addition, the court noted, Martini's guilty plea—stating that she had wrongfully obtained more than $250 from Macy's—further supported the conclusion that the claimed loss of $251.99 had been established.

The trial court thereafter entered an order setting the total amount of restitution at $646.49.

Martini appeals.

II

Martini's sole challenge is to the trial court's order of restitution. Martini contends that the affidavit of Kinnebrew, the restitution legal assistant, was not sufficiently reliable to be admitted at the restitution hearing. In the absence of this document, Martini asserts, the actual losses of Hollister and Macy's could not be accurately ascertained and, accordingly, under her legal theory, the amount of restitution was not properly proved. We disagree.

"Restitution shall be ordered whenever the offender is convicted of an offense which results in . . . damage to or loss of property." RCW 9.94A.753(5). Moreover, where the prosecution recommends it and the offender agrees, the offender must also pay restitution to a victim of an offense that is not prosecuted pursuant to a plea agreement. RCW 9.94A.753(5).

The trial court has discretion to determine the amount of restitution. State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). Such a determination will be overturned only for an abuse of discretion. Davison, 116 Wn.2d at 919. The court abuses its discretion when the restitution decision is "'manifestly

unreasonable, or exercised on untenable grounds, or for untenable reasons.'" State v. Enstone, 137 Wn.2d 675, 679-80, 974 P.2d 828 (1999) (internal quotation marks omitted) (quoting State v. Cunningham, 96 Wn.2d 31, 34, 633 P.2d 886 (1981)).

"If a defendant disputes the restitution amount, the State must prove the damages by a preponderance of the evidence." State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). The amount of restitution must be based on "easily ascertainable" damages. RCW 9.94A.753(3). While certainty of damages need not be proved with specific accuracy, the evidence must be sufficient to provide a reasonable basis for estimating loss. State v. Pollard, 66 Wn. App. 779, 785, 834 P.2d 51 (1992). Evidence that subjects the trier of fact to speculation or conjecture is insufficient. Pollard, 66 Wn. App. at 785.

The rules of evidence do not apply at restitution hearings. State v. Kisor, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993). Nevertheless, due process requires that the defendant have an opportunity to refute the evidence presented and that the evidence be reasonably reliable. Pollard, 66 Wn. App. at 785. "When the evidence is comprised of hearsay statements, the degree of corroboration required by due process is not proof of the truth of the hearsay statements 'beyond a reasonable doubt,' but rather, proof which gives the defendant a sufficient basis for rebuttal." Kisor, 68 Wn. App. at 620.

Here, Martini contends that, because the items that she stole were subsequently returned to Macy's and Hollister stores, it is possible that the stores

sold the property and thus recovered their losses.[2] This possibility, of course, is foreclosed if it is true, as the State's evidence at the restitution hearing indicated, that the manufactures of such merchandise require that all stores "dispose or recycle [such] products . . . so that inferior merchandise is not circulated to the public" and that "[t]he store does not profit from recovered merchandise in any form." Martini, however, asserts that this information, obtained by the restitution legal assistant from a store security manager, was not sufficiently reliable to be admitted at the restitution hearing.

Martini is incorrect. As noted above, the rules of evidence do not apply during a restitution hearing and, where evidence consists of hearsay statements, it is properly admitted so long as it provides a sufficient basis for the offender to refute it. Kisor, 68 Wn. App. at 620. In this case, the State's evidence set forth specific facts and named the particular sources for those facts. The affidavit provided sufficient details to elevate the proof beyond the realm of conjecture and speculation and to provide the defense a basis for rebuttal. Martini had the opportunity to challenge the veracity of the State's evidence by producing evidence of a contrary store policy or by subpoenaing the store security manager to testify. She did neither. Instead, she argued only that the trial court was not entitled to rely upon such evidence at all.[3] However, because the State's

---

[2] Martini concedes, as she must, that the retail value of the property taken from Hollister and Macy's was $646.49. This fact was set forth in the affidavit of probable cause, a document upon which, Martini agreed in her plea agreement, the trial court was entitled to rely in determining the amount of restitution.

[3] Martini relies on this court's 1992 decision in Pollard for the proposition that "double hearsay" is never admissible in a restitution hearing. 66 Wn. App. at 786. Critical to our decision in that case, however, was that the hearsay presented did not establish the amount of the victims'

evidence provided a sufficient basis for rebuttal, the trial court did not err by relying on this evidence in calculating the amount of restitution.[4]

Because the State presented sufficient evidence to support the restitution order, the trial court did not abuse its discretion by determining the restitution award.

Affirmed.

We concur:

losses. Pollard, 66 Wn. App. at 786-87 ("[T]he mere fact that [Pollard] withdrew funds from his account does not in itself establish the loss on the part of the bank(s). The question is whether the instruments were paid by the drawee(s) on presentment."). Martini does not contend, nor could she, that the evidence presented in her case does not establish the losses of the Macy's and Hollister stores.

[4] Evidence that the stolen property was damaged during the theft provides an additional basis for the trial court's conclusion that the theft resulted in a total loss to Macy's and Hollister. Both the police report and the affidavit of probable cause indicated that the stolen clothing had been torn when Martini removed the security tags. It would, of course, be entirely reasonable for the trial court to infer that the damaged clothing could not thereafter be sold. Indeed, the presence of a broken syringe within the same purse in which Martini had concealed the stolen items further supports the trial court's conclusion that this merchandise was now without value to the stores.