# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON, )
            )   No. 70213-1-I
       Respondent, )
            )   DIVISION ONE
        v. )
            )   UNPUBLISHED OPINION
FILMON NEGUSE REZENE, )
MOHAMED ALI HUSSEIN, )
AHBUDURMAN MOHAMED AHMED, )
and each of them, )
            )
       Defendants, )
            )
SAHAL AHMED SAHAL, )
            )   FILED: July 28, 2014
       Appellant. )

TRICKEY, J. — A trial court has authority to impose restitution for uncharged crimes where the defendant has agreed to do so as part of a plea agreement. The amount of restitution imposed must be supported by credible evidence. Here, the testimony from the victim's husband together with receipts for the various items of jewelry provide a reasonable basis to support the restitution order. Affirmed.

## FACTS

On August 27, 2012, Sahal Ahmed Sahal pleaded guilty to attempted residential burglary and first degree theft.[1] As part of a plea agreement, Sahal agreed to pay restitution for four uncharged crimes in exchange for the State's promise to not file charges.[2] Specifically, Sahal agreed to pay restitution to Nima Ismail up to $30,000.[3]

---

[1] Clerk's Papers (CP) at 9-19.
[2] CP at 28.
[3] CP at 28.

On March 6, 2013, the court held a restitution hearing. At the hearing, the State requested restitution in the amount of $1,204.50 for the charged crime and $13,437.17 for restitution to Nima Ismail, for losses sustained from the uncharged burglary.[4] Sahal objected to portions of the Ismail restitution because there was no victim loss statement regarding the value of the jewelry stolen.[5] The court ordered restitution for the proven amounts, but continued the restitution hearing to afford the prosecution an opportunity to provide a victim loss statement.

Kamal Shifow, Nima Ismail's husband, acknowledged and identified three receipts for his wife's jewelry: two from a jewelry store in Seattle and one from Dubai. The three receipts were for jewelry that was in the home at the time of the burglary.[6] Shifow testified that when he arrived home after his house was burglarized in February 2012, he and his wife discovered several items of jewelry missing.[7] The two receipts for jewelry from Seattle were in American dollars and the last receipt from Dubai was in dirhams.[8] The court admitted the exhibit containing copies of the three receipts and data obtained from an exe.com web site indicating the conversion from United Arab Emirates dirhams to dollars.[9] The court modified the previous restitution order and awarded an additional $12,973.42 in restitution.[10]

Sahal appeals, arguing that insufficient evidence supports the amount of the restitution award.

---

[4] Report of Proceedings (RP) at 44
[5] RP at 44-45.
[6] RP at 55.
[7] RP at 56.
[8] RP at 56.
[9] Exhibit (Ex.) 1; RP at 57.
[10] CP at 37.

2

ANALYSIS

An order of restitution is proper where a defendant expressly agrees in a plea agreement to pay restitution for crimes for which he was not convicted. State v. Griffith, 164 Wn.2d 960, 965-66, 195 P.3d 506 (2008). The State bears the burden of establishing restitution by a preponderance of the evidence. State v. Dennis, 101 Wn. App. 223, 226-27, 6 P.3d 1173 (2000).

We review the trial court's restitution order for an abuse of discretion. Griffith, 164 Wn.2d at 965. The court abuses its discretion when its decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. State v. Enstone, 137 Wn.2d 675, 679-80, 974 P.2d 828 (1999).

When a party disputes the facts supporting a restitution, the award must be proved by a preponderance of the evidence. State v. Deskins, 180 Wn.2d 68, 82, 322 P.3d 780 (2014). The amount of restitution must be based on "easily ascertainable" damages. RCW 9.94A.753(3). "'Easily ascertainable' damages are tangible damages supported by sufficient evidence." State v. Tobin, 132 Wn. App. 161, 173, 130, 426 (2006); aff'd, 161 Wn.2d 517, 166 P.3d 1167 (2007) (quoting State v. Bush, 34 Wn. App. 121, 123, 659 P.2d 1127 (1983)). While the loss need not be established with specificity, it must be supported by substantial credible evidence. Griffith, 164 Wn.2d at 965. Such evidence "is 'sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.'" Griffith, 164 Wn.2d at 965 (internal quotation marks and citations omitted) (quoting State v. Hughes, 154 Wn.2d 118, 154, 110 P.3d 192 (2005)). Because the rules of evidence do not apply to sentencing hearings, a broad range of evidence including hearsay is admissible. ER 1101(c)(3); Deskins, 180 Wn.2d at 83.

Here, the trial court held an evidentiary hearing to determine the appropriate amount of restitution. The State presented testimony from the husband, Shifow, who identified two receipts in amounts of $5,500 and $5,000 for jewelry purchased by his wife, Nima, from a Seattle jeweler. Shifow also identified the third receipt as jewelry his wife purchased in Dubai. The amount of the third receipt was in Dubai currency. The State submitted an online currency conversion calculator to establish the American dollar value of the Dubai currency as $2,473.42.[11]

Shifow testified that the jewelry was missing after the burglary. He also testified that additional jewelry and heirlooms were taken from the house in the burglary, but that the family did not have any proof of the value of those items.

Sahal contends that the receipts did not show the seller's name and that the third receipt was in a foreign language. Sahal argues that this case is similar to the facts in State v. Pollard, 66 Wn. App. 779, 834 P.3d 51 (1992) and, therefore, the evidence was insufficient. His reliance is misplaced. Pollard involved a challenge to a restitution award based on a defendant's unlawful issuance of checks where the only evidence in the record supporting the restitution amount was a police report with statements from the bank personnel. Pollard, 66 Wn. App. at 786. This court concluded, standing alone, the double hearsay was an insufficient basis upon which to base restitution. Pollard, 66 Wn. App. at 786. Critical to the decision in Pollard was that the hearsay that was presented failed to establish the amount of the victim's losses. Pollard, 66 Wn. App. at 786-87 ("[T]he mere fact that [Pollard] withdrew funds from his account does not in itself establish the loss on the part of the bank(s). The question is whether the instruments were paid by the

---

[11] Ex. 1.

drawee(s) on presentment."). Here, the State has proven the specific loss. Shifow testified that these receipts represented purchases made by his wife for the jewelry that was stolen.

As noted above, the rules of evidence do not apply during a restitution hearing and, where evidence consists of hearsay statements, it is properly admitted so long as it provides a sufficient basis for the offender to refute it. State v. Kisor, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993). In this case, the State's evidence set forth specific facts and named particular sources for those facts. The testimony and accompanying exhibits provided sufficient details to elevate the proof beyond the realm of conjecture and speculation. Sahal had the opportunity to challenge the veracity of the State's evidence in cross-examination.

Sahal also argues the amount could not be ascertained because the third receipt was in foreign language and there was no way to determine what the currency exchange rate was. This is incorrect. The court accepted the State's proffer of the currency exchange web site introduced by the prosecutor. Although defense counsel objected to its admission, he stated he did not have any legal basis on which to do so.

Because the State presented sufficient evidence to support the restitution order, the trial court did not abuse its discretion by determining the restitution award.

Affirmed.

Trickey, J.

WE CONCUR:

Cox, J.