# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70752-3-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| AMY RENEE LYSON, | ) | |
| Appellant. | ) | FILED: November 10, 2014 |

APPELWICK, J. — Lyson appeals the trial court's order setting restitution at $65,743. Lyson was convicted of second degree theft after she forged her employer's checks payable to herself. She argues that her due process rights were violated, because the restitution amount was supported by only unreliable hearsay evidence. We affirm.

## FACTS

Amy Lyson worked as an operations manager for Versatile Company. She was responsible for preparing checks for Eric Verzuh to review and sign. Verzuh is the president, founder, and owner of Versatile.

On October 20, 2011, Verzuh discovered that Lyson had forged his signature on 107 checks payable to herself totaling $68,565.70. The amounts ranged from $50 to $1800. To cover up her theft, Lyson fraudulently noted in Versatile's accounting system that the checks were payments to various company vendors for company expenses. Verzuh also discovered that Lyson was paying her personal utility bills with the Versatile credit card totaling $6,133.33. Upon Verzuh's discoveries, he approached Lyson with his findings. She admitted to the theft and agreed to give a recorded statement about it. After Verzuh reported her, detective Stacy Litsjo prepared a certification of probable cause and determined that the total amount of loss to Versatile, including the credit card

charges, was $74,699.03. On February 21, 2012 Lyson gave a statement to the police in which she admitted to forging the checks and to the unauthorized use of the company credit card. Lyson was charged with eight counts of second degree theft.

On June 1, 2012, Verzuh sent the court a letter stating the loss amount was $65,743.11. On June 5, 2012, Verzuh completed a victim loss statement under penalty of perjury indicating that the loss amount was "$65,743 in forged checks. Prosecutor has detailed records."

On February 4, 2013, Lyson pleaded guilty to eight counts of theft in the second degree. During her statement she indicated that on eight specific dates in 2011, she wrongfully obtained money belonging to her employer, Versitile by forging Verzuh's name on eight separate checks. In her plea agreement, she agreed to pay restitution for all losses "TBD [(to be determined)] for all charged & uncharged counts." Lyson was sentenced on March 22, 2013.

The restitution hearing was held on July 17, 2013. At the hearing, the court considered the information contained in the certification of probable cause, Verzuh's declaration, and the "supporting material." Lyson argued the summary affidavit of the amount of loss was insufficient to prove the restitution amount. Counsel claimed that Verzuh never itemized the checks clearly illustrating the total amount he claimed. The court stated that, based upon a preponderance of the evidence, the appropriate loss amount for restitution was $65,743. Lyson appeals the restitution order.

## DISCUSSION

Lyson argues that the trial court erred in setting her amount of restitution at $65,743. She contends that the State did not present substantial credible evidence of

2

Versatile's loss, because it relied solely on hearsay and did not provide corroborating evidence that gave Lyson a sufficient basis for rebuttal. Specifically, she contends the trial court's reliance on the victim loss statement was insufficient, and that the bank records should have been presented during the restitution hearing. As a result, she argues that she suffered a violation of her right to due process.

A trial court's order of restitution will not be disturbed on appeal absent abuse of discretion. State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). While the amount of loss claimed for restitution need not be established with specific accuracy, it must be supported by substantial credible evidence. State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). Evidence supporting restitution is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture. Id.

If a defendant disputes the restitution amount, the State must prove the damages by a preponderance of the evidence. State v. Kinneman, 155 Wn.2d 272, 285, 119 P.3d 350 (2005). Rules of evidence do not apply at restitution hearings. State v. Pollard, 66 Wn. App. 779, 784, 834 P.2d 51 (1992). When the evidence presented at a restitution hearing is comprised of hearsay, due process requires that the evidence be corroborated such that the defendant has a sufficient basis for rebuttal. State v. Kisor, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993).

In Kisor, the State sought restitution for the replacement of a police dog. Id. at 613-14. To support its claim, the State offered an affidavit from a county risk manager that listed the value of a police dog at $3,500. Id. at 613-14 n.2. The risk manager's affidavit stated that she "'checked'" with the Tacoma police and Spokane Canine Training

3

Unit in reaching her valuation. Id. at 620. The Court of Appeals found that the trial court's reliance on the affidavit violated Kisor's due process rights. Id. It reasoned that, other than offering the risk manager's hearsay statements, the State provided nothing more than a rough estimate of the costs associated with purchasing a new animal and training it. Id. The court held that the affidavit was not substantial credible evidence of the restitution figure set by the court. Id.

Lyson relies on Kisor to argue that the State needed to provide additional corroborating evidence to afford her a sufficient basis for rebuttal. But, in Kisor, the court was more concerned with the fact that the restitution figure was an unsupported estimate and less concerned with the fact that the declarations were hearsay. See Kisor, 68 Wn. App. at 620.

In Pollard, the court likewise found a reliance on hearsay evidence insufficient to support the sum of restitution. 66 Wn. App. at 786. Pollard was charged with unlawfully issuing checks from accounts at various banks from which he knew he did not have sufficient funds. Id. at 780. The information did not state the amount alleged to have been taken as to any of the counts charged. Id. at 785. By his plea, Pollard admitted that he had written the checks and that he agreed to make restitution on them, but not in any particular amount. Id. The only evidence in the record supporting the restitution amount ordered was a police report recording what bank personnel at the various institutions stated the banks had lost. Id. at 786. The court held that the police report, standing alone, which is double hearsay, was an insufficient basis upon which to base the sum of restitution ordered. Id. The court noted that with relative ease the State could have

4

produced bank records <u>or</u> personnel to precisely and conclusively establish the actual amounts lost. <u>Id.</u>

Here, the court had sufficient evidence to enter the restitution award. First, Verzuh provided a declaration from personal knowledge stating the amount of the loss. Second, the court had before it the certification of probable cause which provided the detail to support the amount of restitution ordered. While the probable cause statement might have been subject to a hearsay objection standing alone, as was the case in <u>Pollard</u>, Lyson had stipulated to the use of the certification of probable cause for sentencing. Restitution is an integral part of sentencing. <u>State v. Dedonado</u>, 99 Wn. App. 251, 257, 991 P.2d 1216 (2000). The trial court did not abuse its discretion in ordering restitution in the amount of $65,743.

We affirm.

Applewick, J.

WE CONCUR:

Spearman, C.J.                    Becker, J.

5