# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

    Respondent,

    v.

JACOB NELSON HOLLAR,

    Appellant.

)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 71812-6-I

UNPUBLISHED OPINION

FILED: April 20, 2015

DWYER, J. — Jacob Hollar pleaded guilty to one count of theft in the third degree and one count of assault in the second degree. As part of his plea agreement, Hollar agreed to pay restitution to the victim of his crimes, Michael Johnson. However, at the restitution hearing, Hollar objected to Johnson's valuation of the personal property that was stolen. On appeal, Hollar maintains that the trial court violated his due process rights when it ordered him to pay restitution for Johnson's stolen personal property. We disagree and, therefore, affirm.

I

On June 20, 2013, just before midnight, Johnson was beaten and robbed by Hollar and two other men while walking on Second Avenue in Seattle. Hollar struck Johnson in the back of the head with a skateboard. When Johnson fell to the ground, Johnson was punched and kicked by the other two assailants. One

of the assailants took Johnson's purse, and all three fled the scene on foot. Johnson was treated at Harborview Medical Center for injuries sustained in the attack, including a scalp laceration that required several staples to close.

After Hollar was apprehended, Johnson identified Hollar as the initial assailant. Hollar admitted to assaulting Johnson. Hollar stated that Johnson had been flirting with him and he had decided to "take care of the problem." Hollar denied taking Johnson's purse.

Thereafter, Hollar was charged by second amended information with one count of theft in the third degree pursuant to RCW 9A.56.050 and one count of assault in the second degree pursuant to RCW 9A.36.021. Hollar pleaded guilty to both counts. In doing so, he signed a plea agreement requiring him to pay restitution in full—in an amount to be determined—for all losses sustained by Johnson.

A restitution hearing was held. The State presented medical bills for treatment of Johnson's injuries caused by the attack, as well as a victim loss statement signed by Johnson under penalty of perjury. In this statement, Johnson listed several items of personal property taken during the attack, including a cell phone ($100.00), an identification card ($16.00), a Coach purse ($250.00), and makeup ($20.00).

While Hollar's counsel did not object to restitution for Johnson's medical expenses, she did object to restitution for the personal property included in Johnson's victim loss statement.

The trial judge overruled this objection. The judge stated that she could

take judicial notice of what a Coach purse was worth, given that she owned such a purse. The judge found,

> [Johnson's] not asking for an excessive amount here. I know that Coach purses are expensive. Makeup is—seems pretty reasonable. The ID card is probably just a replacement cost. And then the cell phone, boy, cell phones can go from—anywhere from 50 to a couple hundred. I don't see anything untoward here.

Hollar's counsel responded, "My concern is just that we don't know if [Johnson] had a used Coach purse or something . . . bought from a consignment store."

The judge shared this concern. However, given the State's "fairly low" burden of proof—preponderance of the evidence—the judge concluded that the victim loss statement was sufficient to support the State's request for restitution regarding Johnson's missing personal items.

The total amount of restitution was $1,396.39. Of that, $908.82 was for Johnson's medical bills paid for by the Crime Victim's Compensation Program. The remainder, $487.57, was for Johnson's missing personal property and one medical bill that the Compensation Program did not cover.

Hollar appeals.

II

Hollar contends that the trial court abused its discretion by ordering restitution for Johnson's personal property in the amount of $386.00.[1] Hollar argues that the State failed to meet its burden of proof as to damages, which

---

[1] Hollar did not challenge the trial court's ruling as to the medical bill that was not covered by the Compensation Program.

resulted in a violation of his due process rights. We disagree.

"Restitution shall be ordered whenever the offender is convicted of an offense which results in . . . damage to or loss of property." RCW 9.94A.753(5). Moreover, where the prosecution recommends it and the offender agrees, the offender must also pay restitution to a victim of an offense that is not prosecuted pursuant to a plea agreement. RCW 9.94A.753(5).

The trial court has discretion to determine the amount of restitution. State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991). Such a determination will be overturned only for an abuse of discretion. Davison, 116 Wn.2d at 919. The court abuses its discretion when the restitution decision is "'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" State v. Enstone, 137 Wn.2d 675, 679-80, 974 P.2d 828 (1999) (internal quotation marks omitted) (quoting State v. Cunningham, 96 Wn.2d 31, 34, 633 P.2d 886 (1981)).

"If a defendant disputes the restitution amount, the State must prove the damages by a preponderance of the evidence." State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). The amount of restitution must be based on "easily ascertainable damages." RCW 9.94A.753(3). While certainty of damages need not be proved with specific accuracy, the evidence must be sufficient to provide a reasonable basis for estimating loss. State v. Pollard, 66 Wn. App. 779, 785, 834 P.2d 51 (1992). Evidence that subjects the trier of fact to speculation or conjecture is insufficient. Pollard, 66 Wn. App. at 785.

The rules of evidence do not apply at restitution hearings. State v. Kisor,

- 4 -

68 Wn. App. 610, 620, 844 P.2d 1038 (1993). Nevertheless, due process requires that the defendant have an opportunity to refute the evidence presented and that the evidence be reasonably reliable. Pollard, 66 Wn. App. at 785. "When the evidence is comprised of hearsay statements, the degree of corroboration required by due process is not proof of the truth of the hearsay statements 'beyond a reasonable doubt,' but rather, proof which gives the defendant a sufficient basis for rebuttal." Kisor, 68 Wn. App. at 620.

Washington courts follow the prevailing rule that "the owner of a chattel may testify as to its market value without being qualified as an expert in this regard." McCurdy v. Union Pac. R. Co., 68 Wn.2d 457, 468, 413 P.2d 617 (1966); accord State v. Hammond, 6 Wn. App. 459, 461, 493 P.2d 1249 (1972).

In this matter, Johnson, the owner of the stolen chattel, submitted a sworn declaration listing each item of property that was stolen and the corresponding value of each item. As the owner, Johnson was competent to testify to the market value of the commonplace items of personal property that had been stolen without being qualified as an expert witness.

However, Hollar contends that Johnson's declaration did not constitute sufficient evidence to satisfy the State's burden of proof as to damages, owing to the absence of "documentation supporting the value estimates." Appellant's Br. at 4. In support of his contention, Hollar relies on Kisor. His reliance on that decision is misplaced.

In Kisor, the defendant was ordered to pay $17,380 in restitution to the State after he killed a police dog. 68 Wn. App. at 613-14. The restitution award

- 5 -

was based entirely on a hearsay affidavit submitted by a Clark County employee, whose job title was "risk manager." Kisor, 68 Wn. App. 613-14. The court observed that the affidavit was not credible, owing to the affiant's failure, for the most part, to indicate where she had "obtained the figures as to the cost of purchasing the animal and training it and the dog's handler." Kisor, 68 Wn. App. at 620. The affiant's credibility was further undermined by her reliance on an advertisement from the "West Virginia Canine College," which contained "nothing . . . that supports the figures advanced by [the affiant]." Kisor, 68 Wn. App. at 620. The court concluded that the "affidavit is not substantial *credible* evidence of the restitution figure set by the court." Kisor, 68 Wn. App. at 620 (emphasis added).

Contrary to Hollar's contention, Kisor does not require that a declaration submitted by an owner of stolen property be corroborated by "documentation supporting the value estimates" in order to constitute sufficient evidence as to proof of damages. Instead, Kisor stands for the unremarkable proposition that an award of restitution, when based entirely on an incredible valuation given by someone other than the rightful owner of the property at issue, cannot be sustained.

Here, Johnson was the owner of the missing chattel and, thus, qualified and competent to testify as to the value of the chattel based on personal knowledge. Moreover, unlike the affiant in Kisor, Johnson's credibility has not been undermined. The State needed only to adduce evidence sufficient to provide a reasonable basis for estimating loss. Johnson's declaration satisfied

this requirement.[2]

    Affirmed.

We concur:

_Trickey, J_

_Dwyer, J._

_Leach, J_

---

[2] Owing to our conclusion, we need not consider Hollar's contention that the trial judge erred in taking judicial notice of the value of a Coach purse.