

2016 MAR 14  AM 9: 2

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73051-7-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | |
| CHRISTOPHER JOHN PLETENIK, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 14, 2016 |
| | ) | |

BECKER, J. — The issue in this appeal is the sufficiency of the evidence to support an order of restitution. We affirm.

On April 24, 2014, appellant Christopher Pletenik unlawfully entered an upscale clothing store in Seattle after hours. He stole store merchandise and items from the store's employee lockers. Many expensive items were ruined by becoming soaked with blood when Pletenik cut his hand smashing into a glass display case for watches. Pletenik pleaded guilty to burglary in the second degree and identity theft in the second degree.

On January 12, 2015, the trial court held a hearing to determine restitution. The State provided documentation of the retail value of the merchandise stolen and damaged by Pletenik, among other itemized claims. According to Pletenik's brief on appeal, the total in this category was $4,490. The State asked the court to order restitution of the full retail value of the

merchandise. The court decided that using the store's replacement cost as a measure of value would be more fair. There was no evidence in the record of the replacement cost. The court estimated the replacement cost at 25 percent of the retail value: "I think it's unreasonable to give the store what they would have sold it at. The question is how can they replace it? They replace it by their costs. You haven't given me their costs. I know retail has a large markup, so I'm saying 25 percent of these costs would be reasonable." Pletenik objected that the number calculated in this manner was speculative. He appeals on the same basis.

A Washington court's authority to order restitution is derived solely from statute. State v. Gonzalez, 168 Wn.2d 256, 262, 226 P.3d 131, cert. denied, 562 U.S. 928 (2010). Restitution may be ordered whenever the offender is convicted of an offense which results in damage to or loss of property. RCW 9.94A.753.

Restitution ordered by a court pursuant to a criminal conviction shall be based on "easily ascertainable damages" for injury to or loss of property. RCW 9.94A.753(3). The amount of harm or loss need not be established with specific accuracy. State v. Kinneman, 155 Wn.2d 272, 285, 119 P.3d 350 (2005). Evidence supporting restitution is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture. Kinneman, 155 Wn.2d at 285.

The statute "does not say that the restitution ordered must be equivalent to the injury, damage or loss, either as a minimum or a maximum." Kinneman, 155 Wn.2d at 282. The statute "allows the judge considerable discretion in determining restitution, which ranges from none (in some extraordinary

2

circumstances) up to double the offender's gain or the victim's loss." <u>Kinneman</u>, 155 Wn.2d at 282. We will find abuse of that discretion only where its exercise is manifestly unreasonable, or where it is exercised on untenable grounds or for untenable reasons. <u>State v. Pollard</u>, 66 Wn. App. 779, 785, 834 P.2d 51, <u>review denied</u>, 120 Wn.2d 1015 (1992).

The documentation provided the trial court with sufficient evidence to ascertain the retail value of the lost and damaged items. It was not unreasonable for the court to decide that restitution would be too high if set in that amount. The trial court acted within its broad discretion by reducing the amount requested by the store to account for the reality of the markup between cost and retail price. The 25 percent estimate was not unreasonable. We find no abuse of discretion.

Affirmed.

Becker, J.

WE CONCUR:

Spearman, C.J.

Trickey, J.