[No. 43956-1-I.   Division One.   January 31, 2000.]
THE STATE OF WASHINGTON, *Respondent*, v. KIM L. DEDONADO, *Appellant*.

*Dawn Monroe* and *Eric Broman* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Sharon Ann Dear, Deputy*, for respondent.

PER CURIAM — When a criminal restitution hearing is held, the State must establish a causal connection between the crime and the victim's claimed damages. The trial court ordered restitution in this case without requiring the State to prove that connection because the defendant did not object to the State's restitution evidence before the restitution hearing was held. Because a defendant is not required to object to the State's restitution evidence before the

restitution hearing is held, we reverse the trial court's restitution order.

## I

Kim Dedonado pleaded guilty to the crime of taking motor vehicle without permission, contrary to RCW 9A.56.070. The plea agreement provided that the trial court would consider as "real facts" information set forth in the Certification for Determination of Probable Cause. The Certification alleged that Dedonado damaged the ignition of a Dodge Caravan while stealing the van, burglarized an electronics shop (Icom Shop), and loaded electronic equipment from the Icom Shop into the van before being apprehended.

The sentencing court ordered restitution. At the delayed restitution hearing, the State presented a form titled "Property Restitution Estimate" from the manager of the Icom Shop. The form was signed under penalty of perjury, and stated that the property damage included a glass window for $753.41 and an irreparable Adret Signal Generator that was replaced with an HP ESG 3000A for $10,968.60.

Dedonado objected to restitution for the generator, stating that there was not enough documentation before the court to show a connection between the Adret Signal Generator and the HP model or that the generators were of comparable value and function. The court essentially agreed, but told the defendant:

> Counsel, as I'm understanding it, you didn't call VAU [prosecutor's Victim Assistance Unit] before today to say what is the claim? How does the claim relate to this generator so we could at least get some victim input clarification on that? I'm just concerned [Counsel]. It is a large claim, and the points you're raising are well-taken. But I think in fairness I should at least give the prosecutor's office the chance to call ICOM and clarify and get some kind of a letter or explanation from them . . . .

The State claimed that the property damage estimate

constituted sufficient evidence because it was signed by the manager of the Icom Shop and indicated that the damage to the generator was irreparable and because "there hasn't been any showing from the defense that would challenge that in any way."

After Dedonado restated that the prosecution had not shown how the Adret unit was damaged nor how it was equivalent to the HP model, the court stated:

> Counsel, those are appropriate questions. You haven't raised them in the last two months. The information has been in your hands. I'm understanding that it is a mutual request today that I resolve this matter. I mean, the victim has put into a declaration that one generator was unrepairable and a replacement was purchased. It has a different identification number on it. As you've pointed out, that's unchallenged. . . .
>
> . . . .
>
> Counsel, I think procedurally once you get this information from the state, I think the burden is on you to notify the state that you are challenging it, and you want the victim here so that there could be court testimony, and you could cross-examine the victim. You're entitled to that. But you need to—you need to advise the court and the state that that is what you're requesting. If the state receives no word from—I mean, that's typically how these restitution hearings go.
>
> The state provides its packet, and if, in fact, there's a necessity for an evidentiary hearing, the burden is on defense counsel to advise the state that that's the case; otherwise, the state doesn't notify the victim of his or her necessity to be here to testify or to answer the kinds of questions you're raising. They're often just answered informally by VAU calling the victim and getting this information.
>
> . . . .
>
> . . . in fairness to the state, you must put the state on notice that you're challenging the written documentation so that the state has the opportunity to summon a witness or get additional documentation to address those concerns. It's a procedural burden and not an evidentiary one.
>
> . . . .

. . . I am prepared to prove [sic] the generator claim today having been established by a preponderance of the evidence that's undisputed today. Not to say you [the defendant] don't have valid questions, but it's the victim's statement that one generator was lost, is unrepairable, and it was replaced by another one and is sufficient evidence for me to find by a preponderance of the evidence that the generator be included in the restitution claim.

And if you are electing—as certainly is your right, Counsel, on behalf of Mr. Dedonado—not to waive the 180-day deadline even for another week, say, that's certainly your right. I would go ahead and approve the generator.

Let me hear from you, [Counsel], on car damages and the documentation on that.

Dedonado then objected to the documentation the State submitted concerning the damage to the van. The insurance company's file was lost, and the State presented a preliminary estimate from a mechanic for damage to the van that totaled $1064.67. In addition to damage obviously related to a damaged ignition switch, the preliminary estimate included items such as "DOME LAMP BULBS," "FILL ALL FLUIDS," "ALIGN FRONT SUSPENSION," and "REMOVE/REPLACE R LIFTGATE GRILLE." In responding to Dedonado's objections, which included all of the objections previously raised concerning the generator, the court noted that the insurance company for the van paid a sum which was identical to the amount of the preliminary estimate and was thus "satisfied that the state has met it's [sic] burden of proving the [van] restitution claims." Dedonado appeals.

## II

A sentencing court's authority to order restitution is purely statutory and, where so authorized, the sentencing court has discretion to determine the amount of restitu-

tion.[1] The exercise of such discretion is reversible only where it is manifestly unreasonable, or exercised on untenable grounds or for untenable reasons.[2]

■ ■ In determining any sentence, including restitution, the sentencing court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing.[3] Where a defendant disputes material facts for purposes of restitution, the sentencing court must either not consider those facts or grant an evidentiary hearing where the State must prove the restitution amount by a preponderance of the evidence.[4] Restitution does not need to be proven with specific accuracy.[5] Evidence is sufficient if it affords a reasonable basis for estimating loss.[6] However, restitution must be based on a causal connection between the crime and the victim's damages.[7]

The causal connection between Dedonado's actions and the damages was an issue of material fact and was disputed. Thus, an evidentiary hearing was required to determine whether the Adret Signal Generator was properly replaced with the HP ESG 3000A and whether the items such as the dome lamp bulbs, fluids, and front suspension alignment were properly attributed to Dedonado's actions.[8]

---

[1]*State v. Davison*, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991); *State v. Lewis*, 57 Wn. App. 921, 923, 791 P.2d 250 (1990); *State v. Kisor,* 68 Wn. App. 610, 619, 844 P.2d 1038, *review denied*, 121 Wn.2d 1023 (1993) (citing *State v. Mark*, 36 Wn. App. 428, 433, 675 P.2d 1250 (1984)).

[2]*Kisor,* 68 Wn. App. at 619 (citing *State ex rel. Carroll v. Junker,* 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

[3]*State v. Woods*, 90 Wn. App. 904, 907, 953 P.2d 834, *review denied*, 136 Wn.2d 1021 (1998).

[4]*Id.* at 907; RCW 9.94A.370(2).

[5]*Kisor,* 68 Wn. App. at 619 (citing *Mark*, 36 Wn. App. at 434).

[6]*Id.* at 619 (citing *Mark*, 36 Wn. App. at 434).

[7]*State v. Bunner,* 86 Wn. App. 158, 160, 936 P.2d 419 (1997) (citing *State v. Vinyard*, 50 Wn. App. 888, 891, 751 P.2d 339 (1988); *State v. Mead*, 67 Wn. App. 486, 491, 836 P.2d 257 (1992)).

[8]*See Woods*, 90 Wn. App. at 907; RCW 9.94A.370(2).

A causal connection is not established simply because a victim or insurer submits proof of expenditures for replacing property stolen or damaged by the person convicted. Such expenditures may be for items of substantially greater or lesser value than the actual loss. As pointed out by Dedonado at the hearing in the instant case, it is not possible to determine from the documentation provided by the State whether the HP generator was a proper replacement of the Adret generator. Similarly, it is not possible to determine from the documentation provided by the State whether all of the repairs to the van were related to the damaged ignition switch. The State did not meet its burden of proving the restitution amounts here by a preponderance of the evidence because the documentation it provided did not establish a causal connection between Dedonado's actions and the damages.[9]

Restitution is an integral part of sentencing, and it is the State's obligation to establish the amount of restitution.[10] RCW 9.94A.142 does not require that a defendant notify the State that he or she is challenging written documentation so that the State can have the opportunity to summon a witness or to get additional documentation to address his or her concerns.[11] The sentencing court improperly imposed that requirement upon Dedonado and ordered restitution based upon evidence that did not establish a causal connection between Dedonado's actions and the damages.[12] Entry of the order was thus an abuse of discretion.

Dedonado requests that this court vacate those portions of the restitution order which the State did not prove within the 180-day period set forth under RCW 9.94A.142,

[9]See Woods, 90 Wn. App. at 907; RCW 9.94A.370(2).

[10]State v. Burmaster, 96 Wn. App. 36, 51, 979 P.2d 442 (1999); Kisor, 68 Wn. App. at 620 (citing State v. Pollard, 66 Wn. App. 779, 784, 834 P.2d 51 (1992)).

[11]RCW 9.94A.142. Similarly, RCW 9.94A.142 does not explicitly require that the State summon witnesses or get additional documentation to address a defendant's challenges. Simply put, the evidence presented by the State must afford a reasonable basis for estimating loss. Kisor, 68 Wn. App. at 619 (citing Mark, 36 Wn. App. at 434).

[12]See Vinyard, 50 Wn. App. at 891.

namely, restitution for the generator and the van repairs that do not appear to be necessary to fix a damaged ignition. We grant Dedonado's request for relief and remand to the sentencing court so that it can fix the proper amount of restitution.

Reversed and remanded.