# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

STATE OF WASHINGTON,

           Respondent,

    v.

V.O.,

           Appellant.

No. 73362-1-I

ORDER GRANTING MOTION
TO CHANGE CASE TITLE AND
WITHDRAWING AND REPLACING
OPINION

Appellant filed a motion to change the case title by redaction of the appellant's full name as she is a juvenile offender. The panel has considered the motion and determined it should be granted. Now, therefore , it is hereby

ORDERED that any reference to the appellant by full name be substituted with the initials V.O. in the caption and body of the opinion. It is further

ORDERED that the opinion of this court filed March 7, 2016 is withdrawn and a replacement opinion filed.

Dated this 2nd of May, 2016.

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| STATE OF WASHINGTON, | ) | No. 73362-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| V.O., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: May 2, 2016 |
| | ) | |

2016 MAY -2 AM 10:54
COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

VERELLEN, C.J. — V.O. challenges the trial court's restitution order following her deferred disposition for attempted residential burglary. She contends insufficient evidence supports the amount of restitution due and no causal connection exists between her crime and the damages to the victim's custom front door. The victim testified that her door sustained cracks after V.O. and three other juveniles had repeatedly kicked it. But for V.O.'s crime, the damage to the front door would not have occurred. We conclude sufficient evidence supports the restitution order, and a causal connection exists between V.O.'s crime and the property damages.

We affirm the trial court's restitution order.

## FACTS

V.O. and three other juveniles attempted to enter Donna Youngblood's home by repeatedly kicking her front door. Youngblood returned home and found her front door damaged and graffiti sprayed on her house.

The State charged V.O. with attempted residential burglary. The trial court granted V.O. a deferred disposition and ordered her to pay restitution to be determined at a later date.

The first restitution hearing occurred on February 6, 2015. The trial court awarded Youngblood $44.67 in restitution for the graffiti damage, but concluded there was insufficient evidence supporting the damage to her front door. The court gave the State leave to gather additional information about the front door.

The second restitution hearing occurred on March 26, 2015. Youngblood testified that her front door sustained damage where the juveniles had repeatedly kicked it and that the doorframe was "cracked and separated."[1] The front door handle was also broken, and there was a crack in the window connected to the door. Youngblood's neighbor had to clamp and to glue the door together to allow it to temporarily function. The trial court imposed restitution for the cost of replacing the entire front door. The court ordered $4,030.67 in restitution; $500 for Youngblood's insurance deductible and $3,530.67 to her insurance company.

V.O. appeals the restitution order.

## ANALYSIS

V.O. challenges the amount of restitution due, arguing insufficient evidence supports replacement of Youngblood's door. We disagree.

We review a restitution order for abuse of discretion.[2] A trial court's authority to impose restitution is statutory.[3] A trial court abuses its discretion if its restitution order is

---

[1] Report of Proceedings (RP) (Mar. 26, 2015) at 22.

[2] State v. Horner, 53 Wn. App. 806, 807, 770 P.2d 1056 (1989).

[3] State v. Deskins, 180 Wn.2d 68, 81, 322 P.3d 780 (2014).

not authorized by statute.[4]

Restitution applies if a crime results in any "loss or damage" to property.[5] The property losses or damages must be causally connected to the crime for which the defendant is convicted.[6] "Losses are causally connected if, but for the charged crime, the victim would not have incurred the loss."[7] Restitution for loss of property "is limited to damages that are 'easily ascertainable.'"[8] To prove damages, the victim need only present evidence that affords a reasonable basis for establishing the loss.[9] A restitution order must be supported by sufficient evidence.[10]

Youngblood purchased the door six years ago from a specialty mill workshop for about $2,000, plus the cost of installation. The door was custom and had to be installed as a single unit. The door was not significantly damaged before the incident. Youngblood described cracks in the doorframe and damage to the doorjamb. The cracks in the doorframe "were all separated."[11] There was also a crack in the window connected to the door next to the deadbolt. The front door handle was broken, and Youngblood's neighbor had to clamp and to glue the door together to allow it to close.

Youngblood was uncertain how to describe the damage to the door itself. She testified that there were "cracks in the door where the [juveniles'] footprints" were from

---

[4] Horner, 53 Wn. App. at 807.

[5] RCW 13.40.190(1)(a).

[6] State v. Griffith, 164 Wn.2d 960, 965-66, 195 P.3d 506 (2008).

[7] Id. at 966.

[8] State v. Bennett, 63 Wn. App. 530, 535, 821 P.2d 499 (1991) (quoting RCW 13.40.020(26)).

[9] Id. (quoting Horner, 53 Wn. App. at 808).

[10] State v. Fambrough, 66 Wn. App. 223, 225, 831 P.2d 789 (1992).

[11] RP (Mar. 26, 2015) at 22.

kicking the door.[12]  She acknowledged that the cracks were not the same as the cracks in the doorframe and that no one put their foot all the way through the solid core door. Youngblood discussed repairing the door with her contractor, but the contractor indicated the damage could not be repaired.  Youngblood described the damage to the single unit consisting of the door, doorframe, doorjamb, door handle and adjoining window.  She purchased an exact replica custom door from the same specialty mill workshop.  She testified to the cost of the custom replacement door unit.

We conclude sufficient evidence supports that the custom door, as well as the doorframe, doorjamb, door handle, and window portion of the single door unit were damaged.  But for V.O.'s crime, the damage to the door unit would not have occurred,[13] and Youngblood's testimony adequately established that replacement of the entire door unit was reasonable.

We affirm the trial court's restitution order.

WE CONCUR:

_____

_____                    _____

---

[12] RP (Mar. 26, 2015) at 31-32.

[13] Youngblood relies on State v. Dedonado for the proposition that a "causal connection is not established simply because a victim submits proof of expenditures for replacing property stolen or damaged by the person convicted." 99 Wn. App. 251, 257, 991 P.2d 1216 (2000).  But here, Youngblood testified about the door's damage and provided proof of its replacement cost, thereby establishing a causal connection between the damage and the crime.