# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73710-4-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| AYANNA ABAEBA SHAMARI, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: October 3, 2016 |
| | ) | |

Cox, J. – Ayanna Shamari appeals the amount of an order requiring her to pay restitution. Because there is insufficient evidence to establish a causal connection between the amount imposed and the damages sustained, we reverse and remand for reconsideration.

Shamari pleaded guilty to one count each of first-degree assault with a firearm enhancement, second-degree assault with a firearm enhancement, and reckless burning. According to her plea agreement, Shamari agreed to pay restitution to the victims of the charged crimes in an amount to be later determined. Shamari also waived her right to be present at a subsequent restitution hearing.

The State subsequently sought restitution for $33,446.98, including $32,835.97 to the Crime Victim's Compensation Program (CVCP) and $611.01 to the Health Care Authority. The Health Authority provided a detailed claims ledger with expenses for diagnosis and subsequent treatment of one of

Shamari's victims. Alongside the provider's name, treatment description, and payment information, this ledger provided diagnostic information, explaining the purpose of treatments.

By contrast, the CVCP provided only a cursory and summary expenditures list. This list gave a generalized category for each expense (*e.g.*, Pharmacy, Anesthesia, Laboratory) and payment information, but it did not explain the purpose of its enumerated treatments. The court imposed the full restitution sought by the State. Shamari's attorney signed this order but noted that she had not heard from Shamari about doing so.

Shamari appeals the restitution amount, claiming that the sentencing court erred by basing restitution, in part, on the CVCP list because it fails to prove that the need for its listed treatments resulted from her crime. Thus, she asks this court to vacate the $32,835.97 owed on the CVCP list. The State argues that the CVCP list is sufficient to support the restitution ordered. It further argues that Shamari waived her objection to restitution and cannot raise it for the first time on appeal.

## WAIVER

We first address the State's waiver argument before turning to the merits of Shamari's appeal. The State contends that Shamari waived her objection to the amount of restitution by waiving her right to be present at a restitution hearing and, consequently, failing to object before the sentencing court. Thus, the State argues that Shamari cannot raise these challenges for the first time on appeal. We disagree.

The State bears the burden to establish waiver by a preponderance of the evidence.[1] It must show the defendant intentionally and voluntarily relinquished a known right.[2] In State v. Moen, our supreme court considered whether the State met this burden under circumstances similar to those here.[3] There, the trial court ordered that Christopher Moen pay restitution "with an amount to be set at a future date."[4] Moen "waived his presence at the restitution hearing (if required)."[5] After the court set restitution, Moen appealed, arguing that it was untimely since it had been set after the statutory deadline.[6] The State contended that Moen waived objection to restitution by allegedly agreeing to pay restitution that had not yet been set and by waiving his presence at a subsequent hearing. The court found that such a record failed to "reflect any actual agreement" as to the terms of restitution.[7]

Here, Shamari pleaded guilty with restitution to be set at a future date. She waived her presence at any restitution hearing. There is nothing in this record to show any waiver of the right to contest the amount of restitution. This includes our consideration of counsel's signing the restitution order. Thus, the

---

[1] State v. Hunsicker, 129 Wn.2d 554, 558-59, 919 P.2d 79 (1996).

[2] In re Welfare of S.V.B., 75 Wn. App. 762, 770, 880 P.2d 80 (1994).

[3] 129 Wn.2d 535, 543-48, 919 P.2d 69 (1996).

[4] Id. at 537.

[5] Id.

[6] Id.

[7] Id. at 540.

State has failed to carry its burden of demonstrating Shamari waived her right to object to the amount of restitution.

The State also argues that Shamari cannot raise these objections for the first time on appeal. We again disagree.

Generally, a party may not raise issues for the first time on appeal.[8] But illegal or erroneous sentences may be challenged for the first time on appeal.[9] Citing this rule, the Moen court held that the defendant could raise his challenges to the timeliness of restitution for the first time on appeal.[10] The same principle applies here.

## RESTITUTION AMOUNT

Shamari argues that the sentencing court relied on insufficient evidence in ordering restitution. Specifically, the sentencing court relied on an expenditures list that did not explain the purpose of certain medical treatments and thus, failed to make a causal connection to Shamari's crimes. We agree.

A sentencing court's authority to order restitution is not inherent but rather derives solely from statute.[11] RCW 9.94A.753(5) states that "[r]estitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person." In passing this statute, the legislature granted broad restitution

---

[8] RAP 2.5(a).

[9] State v. Bahl, 164 Wn.2d 739, 744-45, 193 P.3d 678 (2008) (internal quotations omitted).

[10] 129 Wn.2d at 547-48.

[11] State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007).

4

powers to the trial court to enable it to require a defendant "face the consequences of his or her criminal conduct."[12]

This court will not reverse a sentencing court's restitution determination absent an abuse of discretion.[13] The sentencing court abuses its discretion when its decision is "manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons."[14] Restitution "need not be established with specific accuracy," but due process requires it be "supported by substantial credible evidence."[15] Such evidence "must not subject the trier of fact to mere speculation or conjecture."[16]

The State bears the burden of proving the facts supporting restitution by a preponderance of the evidence.[17] The State must prove "that a victim's injuries were causally connected to a defendant's crime before ordering a defendant to pay restitution for the [resulting expenses]."[18] That causal connection asks "whether, 'but for' the crime, the damages would have occurred."[19]

---

[12] Id. at 524.

[13] Id. at 523/

[14] State v. Enstone, 137 Wn.2d 675, 679-80, 974 P.2d 828 (1999).

[15] State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008) (internal quotation marks omitted).

[16] State v. Awawdeh, 72 Wn. App. 373, 379, 864 P.2d 965 (1994).

[17] State v. Dedonado, 99 Wn. App. 251, 256, 991 P.2d 1216 (2000).

[18] Enstone, 137 Wn.2d at 682.

[19] Tobin, 161 Wn.2d at 526.

The State regularly seeks to prove the basis for restitution by offering expenditures lists like the one challenged in this case. This court has voiced certain concerns with such lists in the past. We have recognized that lists of "[s]uch expenditures may be for items of substantially greater or lesser value than the actual loss."[20] We have also noted that "[a] causal connection is not established simply because a victim or insurer submits proof of expenditures."[21]

In State v. Bunner, this court held that a summary which "does not indicate why medical services were provided, fails to establish the required causal connection between the victim's medical expenses and the crime committed."[22]

In State v. Hahn, this court concluded that an expenditure list is similarly insufficient when it "merely state[d] the name of the service provider, the service date, date paid, billed amount and amount paid."[23] Such information provided no evidence of causation and left the court to impermissible speculation.

Similar to the lists in Bunner and Hahn, it fails to indicate the purpose of certain medical treatments. In contrast to the list from the Health Care Authority, it lacks crucial diagnostic information, merely stating the provider's name, treatment dates, and payment information. Thus, it fails to establish a causal connection between the crimes for which Shamari pleaded guilty and the victim's medical expenses.

---

[20] Dedonado, 99 Wn. App. at 257.

[21] Id.

[22] 86 Wn. App. 158, 160, 936 P.2d 419 (1997).

[23] 100 Wn. App. 391, 400, 996 P.2d 1125 (2000).

We conclude that the sentencing court abused its discretion by ordering restitution in the amount of $32,835.97, which was billed by the CVCP.

## REMEDY

Shamari argues that the proper remedy is simply to vacate the restitution ordered. We disagree.

In considering the appropriate remedy here, this court recognizes the intent underlying the legislative restitution scheme.[24] While a defendant is entitled to a proper basis for restitution, he or she remains liable for the losses actually caused.[25] Under such circumstances, our supreme court has dictated that the proper resolution is vacatur accompanied by remand so the sentencing court may reconsider restitution.[26]

We reverse the sentencing court's Order Setting Restitution as to the $32,835.97 billed by the CVCP and remand for further proceedings.

_Cox, J._

WE CONCUR:

_Spearman, J._          _Appelwick, J._

---

[24] RCW 9.94A.753.

[25] Tobin, 161 Wn.2d at 523.

[26] Griffith, 164 Wn.2d at 967-68.