# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 75229-4-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| EDMOND E. CUMMINGS, | ) | |
| Appellant. | ) | FILED: November 13, 2017 |

TRICKEY, A.C.J. — Edmond Cummings pleaded guilty to assault in the third degree. In his plea agreement, Cummings agreed to "pay restitution in full."[1] The State requested restitution in the amount of $12,195.80 to the victim for medical expenses. The trial court found that Cummings had caused the injuries requiring medical attention by a preponderance of the evidence and granted the State's request for restitution. Cummings appeals, arguing that the restitution is beyond that of the charged crime and that the State did not prove a causal connection between his charged crime and the medical expenses. Because the State's evidence supporting its restitution request was insufficient to establish causation between Cummings's charged actions and the victim's claimed medical expenses, we reverse and remand for additional proceedings.

## FACTS

Cummings was charged by amended information with one count of assault in the third degree. The State alleged that on May 11, 2015, Cummings acted with criminal negligence to inflict bodily harm accompanied by substantial pain and

---

[1] Clerk's Papers (CP) at 28.

suffering upon Christopher Connolly. The certificate of probable cause stated that Cummings bit Connolly on the left side of his face, causing a large laceration.

Cummings pleaded guilty. His plea agreement stated, "If this crime resulted in injury to any person . . ., the judge will order me to make restitution, unless extraordinary circumstances exist which make restitution inappropriate."[2] Cummings's plea agreement notified him that the prosecuting attorney would recommend to the judge that Cummings should pay restitution.

The trial court held a plea colloquy at which the trial court accepted Cummings's guilty plea. Cummings acknowledged that the State was recommending that he pay "any restitution that may be owed."[3]

At Cummings's restitution hearing, the State requested restitution in the amount of $12,195.80. The State's request was based on Connolly's medical bills from his treatment at Swedish Edmonds Campus and other entities from May 16, to May 18, 2015. The State claimed that these costs stemmed from treatment of a MRSA (methicillin-resistant Staphylococcus aureus) infection Connolly developed after he was injured by Cummings.[4] The State argued that Connolly's initial treatment for his bite wound at Harborview Medical Center was not included in the restitution request.

---

[2] CP at 11-12.
[3] Report of Proceedings (RP) (Oct. 12, 2015) at 8.
[4] Both parties cite to the Mayo Clinic's definition of MRSA in their briefs. Br. of Appellant at 4; Br. of Resp't at 3. The Mayo Clinic's website provides in relevant part, "Methicillin-resistant Staphylococcus aureus (MRSA) infection is caused by a type of staph bacteria that's become resistant to many of the antibiotics used to treat ordinary staph infections." http://www.mayoclinic.org/diseases-conditions/mrsa/basics/definition/con-20024479 (last visited Nov. 2, 2017).

Cummings opposed the State's request, arguing that there was no causal nexus between his actions and Connolly's MRSA infection. The State responded that Cummings had agreed to pay restitution in full, and that the MRSA infection was directly related to Cummings's actions. The trial court stated that it would issue an order for restitution for costs incurred from the injury itself and reserved its decision on Connolly's costs regarding the MRSA treatment.

On May 5, 2016, the trial court filed a written order granting the State's requested restitution for the MRSA treatment. The trial court found by a preponderance of the evidence that Connolly's injuries were caused by Cummings's underlying criminal acts, and noted that Cummings had agreed to pay "'full'" restitution to Connolly as part of his plea agreement.[5]

Cummings appeals.

## ANALYSIS

Cummings argues that the trial court abused its discretion when it granted restitution based on a misinterpretation of his plea agreement and an unproven causal connection between the charged crime and Connolly's medical expenses. Specifically, Cummings argues that he did not agree to pay for damages beyond those caused by his criminal acts, and that the State did not prove that his criminal acts caused Connolly's claimed medical expenses by a preponderance of the evidence. We reject Cummings's argument that the trial court misinterpreted his plea agreement. But because the State's evidence did not establish that

---

[5] CP at 45.

3

Cummings's charged actions caused Connolly's claimed medical expenses, we reverse and remand for an evidentiary hearing.

Cummings argues that the trial court abused its discretion when it misinterpreted his plea agreement and thus imposed restitution beyond the scope of the plea agreement. Because the record does not show that Cummings was held responsible for any criminal actions beyond those underlying his charged crime, we disagree.

"Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person . . . unless extraordinary circumstances exist." RCW 9.94.753(5). Restitution "shall be based on easily ascertainable damages for . . . actual expenses incurred for treatment for injury to persons." RCW 9.94.753(3). "The order imposing restitution is void if statutory provisions are not followed." State v. Duback, 77 Wn. App. 330, 332, 891 P.2d 40 (1995)

Here, at Cummings's plea colloquy and restitution hearing, the State did not argue that Cummings should be held responsible for any actions other than those underlying his charged crime. Cummings has not otherwise demonstrated that the trial court ordered restitution for actions other than those constituting his assault on Connolly. Therefore, we conclude that the trial court's restitution order is not void for requiring Cummings to pay restitution for actions beyond his charged crime.[6]

---

[6] Cummings argues that his plea agreement's restitution section was boilerplate language and that it therefore did not require him to pay "for restitution beyond the standard causal test for imposing restitution." Br. of Appellant at 9-11. This is unpersuasive. Cummings does not cite legal authority in support of this argument. RAP 10.3(a)(6). In addition, the

4

Cummings next argues that the trial court erred when it concluded that the State had proved a causal connection between Connolly's claimed medical costs and Cummings's underlying criminal actions. Because the State's evidence did not sufficiently establish that Connolly's claimed medical costs were caused by Cummings's criminal acts, we agree.

Restitution may only be awarded for losses that are causally connected to the charged crime, although the losses do not have to be foreseeable. State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007); State v. Enstone, 137 Wn.2d 675, 682-83, 974 P.2d 828 (1999). "Losses are causally connected if, but for the charged crime, the victim would not have incurred the loss." State v. Griffith, 164 Wn.2d 960, 966, 195 P.3d 506 (2008).

When determining restitution, "the sentencing court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." State v. Dedonado, 99 Wn. App. 251, 256, 991 P.2d 1216 (2000). The amount of restitution does not need to be proven with specific accuracy. State v. Kinneman, 155 Wn.2d 272, 285, 119 P.3d 350 (2005). Rather, "[e]vidence is sufficient if it affords a reasonable basis for estimating loss." Dedonado, 99 Wn. App. at 256.

Causation between a defendant's charged actions and a victim's claimed losses "is not established simply because a victim or insurer submits proof of expenditures" because "[s]uch expenditures may be for items of substantially

---

fact that the restitution language in Cummings's plea agreement was boilerplate or taken from a form plea agreement does not alter his obligations under it. Thus, we reject Cummings's contention that the language of the plea agreement overrode the statutory restrictions on restitution.

greater or lesser value than the actual loss." Dedonado, 99 Wn. App. at 257. A summary of medical expenses that does not indicate the reason for the services is insufficient to establish a causal connection between the victim's medical expenses and the defendant's criminal actions. State v. Bunner, 86 Wn. App. 158, 160, 936 P.2d 419 (1997); State v. Hahn, 100 Wn. App. 391, 400, 996 P.2d 1125 (2000). Testimony, including from the victim, that claimed expenses were caused by the defendant's charged actions is sufficient to establish causation. State v. Blanchfield, 126 Wn. App. 235, 241-42, 108 P.3d 173 (2005) (distinguishing Hahn, 100 Wn. App. at 399-400, and Bunner, 86 Wn. App. at 159-60).

Due process requires that the defendant be given "an opportunity to refute the evidence presented, and [that the evidence presented at the restitution hearing] being reasonably reliable." State v. Kisor, 68 Wn. App. 610, 620, 844 P.2d 1038 (1993). If the defendant disputes material facts underlying the restitution decision, "the sentencing court must either not consider those facts or grant an evidentiary hearing where the State must prove the restitution amount by a preponderance of the evidence." Dedonado, 99 Wn. App. at 256; see State v. Dennis, 101 Wn. App. 223, 226, 6 P.3d 1173 (2000).

"When the particular type of restitution in question is authorized by statute, imposition of restitution is generally within the discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." State v. Davison, 116 Wn.2d 917, 919, 809 P.2d 1374 (1991).

Here, the State's evidence consisted of Connolly's medical bills for costs he incurred after he was assaulted by Cummings. The medical bills do not contain

6

information regarding Connolly's medical history or describe the precise reasons for the services. The State did not offer testimony from Connolly or his treatment providers, or submit medical records establishing that Connolly developed MRSA from being assaulted by Cummings. The State offered no proof that Connolly's claimed expenses were all caused by Cummings's charged actions.

At the restitution hearing, the State suggested that Connolly had developed the infection from Cummings's assault but did not offer supporting evidence beyond Connolly's medical costs. Although Cummings stated that Connolly's MRSA infection was "a complication of an injury caused by . . . Cummings," he subsequently disputed that Connolly's claimed medical expenses were caused by Cummings's actions.[7]

We conclude that the State's evidence was insufficient to establish that Cummings's actions caused Connolly's claimed medical expenses. Connolly's claimed medical expenses could have been for follow up treatment of his laceration or been otherwise unrelated to his alleged MRSA infection. Absent medical records or testimony establishing that Connolly's treatment costs were incurred to treat an infection caused by Cummings's charged actions, the State did not carry its burden of proving that the requested restitution was for losses that were causally connected to Cummings's charged crime. Further, because Cummings disputed the material fact of causation, the trial court should have held an evidentiary hearing at which the parties could present evidence regarding whether Connolly's claimed medical expenses were caused by Cummings's actions.

---

[7] RP (Apr. 26, 2016) at 5.

Therefore, we conclude that the trial court abused its discretion when it ordered Cummings to pay the State's requested restitution. We reverse and remand for an evidentiary hearing at which the State may submit additional evidence establishing a causal connection between Cummings's charged actions and Connolly's claimed medical expenses underlying the State's restitution request. See State v. Gonzalez, 168 Wn.2d 256, 261-66, 226 P.3d 131 (2010); RCW 9.94A.753(4).

Reversed and remanded.

Trickey, A.C.J.

WE CONCUR:

Dwyer, J.

Cox, J.