IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 79311-0-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSHUA PAUL MOWERY, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

HAZELRIGG, J. — Joshua P. Mowery entered a guilty plea to the charge of burglary in the second degree. He now contends that the State breached the plea agreement when it requested restitution not included in the categories of damages that he specifically agreed to pay. Because the plain language of the restitution provision obligates Mowery to pay restitution in full to the victim of the burglary as well as certain specific categories of damages, the State did not breach the plea agreement when it requested restitution for alleged losses to the victim of the crime of conviction. However, the State did not meet its burden to show the causal connection between the claimed items of clothing, the victim of the crime of conviction, and the crime itself. We vacate the restitution order as to the items of clothing and remand for entry of a revised order.

Citations and pinpoint citations are based on the Westlaw online version of the cited material.

FACTS

Joshua Mowery broke into the underground parking garage of Silver Cloud Inn in Bellevue, causing damage to the premises and to two vehicles inside the garage. He was charged with second degree burglary and attempted theft of a motor vehicle. Mowery entered a plea of guilty to the charge of second degree burglary. The plea agreement provided that the State would dismiss the charge of attempted theft of a motor vehicle, recommend an agreed sentence of nine months confinement, and request restitution. The restitution provision appeared in substantially the following form:

> [X] RESTITUTION: Pursuant to RCW 9.94A.753, the defendant shall pay restitution in full to the victim(s) on charged counts and
>     [ ] agrees to pay restitution in the specific amount of $ _ _.
>     [X] agrees to pay restitution <u>To Be Determined for (i) damage to premises of Silver Cloud, (ii) any damage to vehicles during this incident, and (iii) any injury suffered by Bellevue Police Officer McGuigan, as referenced in the PC Certification and discovery.</u>

The court imposed a sentence of nine months in jail, a victim penalty assessment of $500, a DNA collection fee of $100, and restitution in an amount to be determined at a future hearing.

At the restitution hearing, the State requested an award of $3,774.50 to Silver Cloud Inn and $2,618.52 to Berkley North Pacific Group, Silver Cloud Inn's insurer. Mowery objected to the inclusion of two items of clothing and a knife in the State's request and asked that the value of those items, $57.70, be excluded from the amount of restitution ordered. He argued that the language of the plea agreement obligated him to pay restitution for damage to the premises of Silver

Cloud Inn and damage to the cars, but not "losses suffered by the business or items taken."

The State argued that it was not bound by the plea agreement to limit its restitution request to the categories expressly listed and could request restitution for any losses stemming from the crime. Although the State agreed it would be limited in its restitution request if the plea agreement had included a restitution cap, it argued that the absence of a cap in this agreement showed that restitution "was not limited to these items only. This is what the defendant has agreed to pay and [he] cannot argue against a substantiated claim up."

Mowery responded that the restitution language in the plea agreement could have been left open-ended, simply stating that restitution was owed in an amount to be determined, but it was not. He argued that a restitution request beyond the damages explicitly referenced in the plea agreement had not been bargained for between the parties. The court pointed out that the defense also could have included language specifically limiting or capping restitution, but it did not do so.

The court stated its understanding that the categories of restitution included in the plea agreement represented "a floor, not a ceiling." The court included the replacement value of a shirt and sweatshirt in the restitution order. It excluded the value of the knife because the knife was not referenced as a missing item in any of the discovery documents. Restitution of $2,102.53 to Silver Cloud Inn and $2,618.52 to Berkley North Pacific Group was ordered, and the court granted a continuance to allow the State to submit supplemental information regarding

another portion of Silver Cloud Inn's claim. After a second restitution hearing, the court imposed an additional $1,650 in restitution to Silver Cloud Inn. Mowery appealed.

ANALYSIS

I.    Breach of Plea Agreement

Mowery first contends that the State violated the plea agreement by seeking restitution beyond that allowed under the agreement.

Plea agreements are contracts formed between a criminal defendant and the State and are analyzed using contract principles. State v. Sledge, 133 Wn.2d 828, 838–39, 947 P.2d 1199 (1997). The law imposes an implied duty of good faith and fair dealing on the State when entering into plea agreements. Id. at 839. We review a prosecutor's actions and comments using an objective standard to determine whether the State has breached a plea agreement. State v. Jerde, 93 Wn. App. 774, 780, 970 P.2d 781 (1999). Because plea agreements also concern the fundamental rights of the accused, "[d]ue process requires a prosecutor to adhere to the terms of the agreement." Sledge, 133 Wn.2d at 839. The State may not "undercut the terms of the agreement explicitly or by conduct evidencing an intent to circumvent the terms of the plea agreement." Id. at 840.

Some of the arguments made by the prosecutor at the restitution hearing appeared to contend that the State is not bound by restitution terms in a plea agreement unless the amount of restitution is specified or capped. For example, the State argued:

> I'm not saying at all that the defendant agreed to this. The State can request any amount of restitution it wants on any basis, whether the defendant agrees or not . . . . [T]he State is not bound—is not limited by the Plea Agreement in what it can ask for.

This contention is inaccurate. Once the court accepts a plea, the State is bound by the terms of the plea agreement, whatever they may be. If the plea agreement leaves the amount of restitution to be determined without further specificity or includes a nonexhaustive list, then the State is not limited by the agreement in the restitution it can request.[1] However, if the plea agreement limits restitution by, for example, restricting it to certain categories of damages or setting a fixed amount or cap for the award, the State is bound to abide by those terms.

The question remains whether this plea agreement limited the restitution that the State could request. Mowery argues that the State breached the plea agreement because the terms of the agreement limited the acceptable categories of restitution to those enumerated. The State argues that it adhered to the terms of the agreement because Mowery's promise to pay restitution "in full to the victim(s) on charged counts" showed that the permissible restitution award was not limited to the listed damages.

The object of contract interpretation is to ascertain and give effect to the intent of the parties. Berg v. Hudesman, 115 Wn.2d 657, 667, 801 P.2d 222 (1990); State v. Oliva, 117 Wn. App. 773, 779, 73 P.3d 1016 (2003). To do so, we "'view[] the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts

---

[1] Ordinarily, restitution is only allowed for losses that are causally connected to the crime charged. State v. Kinneman, 155 Wn.2d 272, 286, 119 P.3d 350 (2005).

and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties.'" Berg, 115 Wn.2d at 667 (quoting State v. Twin City Food, Inc., 82 Wn.2d 250, 254. 510 P.2d 221 (1973)).

Here, the only indications of the parties' intent in the record before us are the words of the plea agreement, the parties' arguments at the restitution hearing, and the reasonableness of their proposed interpretations.  We look first to the language of the contract.  The parties used a pre-printed plea agreement form that included both standard language and typed-in language specific to this case.  The main clause of the pre-printed restitution section of the form provides that the defendant "shall" pay restitution in full to the victim of the charged crime in accordance with RCW 9.94A.753.  This reflects the language of the statute authorizing restitution, which provides that

> Restitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person or damage to or loss of property . . . unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record.

RCW 9.94A.753(5).  The amount of restitution "shall be based on easily ascertainable damages for injury to or loss of property, actual expenses incurred for treatment for injury to persons, and lost wages resulting from injury."  RCW 9.94A.753(3).

This box was checked on Mowery's plea agreement.  Mowery admitted to the crime of burglary in the second degree.  The victim of this crime was Silver Cloud Inn.  Therefore, under the standard language of the form, Mowery would

owe restitution to Silver Cloud Inn for all "easily ascertainable damages for injury to or loss of property" resulting from the burglary.

Generally, the court may only require a defendant to pay restitution for damages causally connected to the charged crime; damages stemming from crimes of which the defendant was not convicted may not be included in a restitution order absent the defendant's express agreement. State v. Dauenhauer, 103 Wn. App. 373, 378, 12 P.3d 661 (2000). However, these damages may be included if a defendant pleads guilty "to a lesser offense or fewer offenses and agrees with the prosecutor's recommendation that the offender be required to pay restitution to a victim of an offense or offenses which are not prosecuted pursuant to a plea agreement." RCW 9.94A.753(5). The plea agreement form reflects this principle with options for two additional forms of restitution. If the general restitution box is checked, the form provides that the defendant "shall" pay restitution to the victim of the crime of conviction as described above "and agrees to pay" restitution in a specific amount or as otherwise described.

Here, the option to list a specific amount of restitution was unchecked, but the option to enumerate other specific restitution was checked. The second part of the restitution section stated that Mowery "agrees to pay restitution" for damage to the premises of Silver Cloud Inn, damage to the vehicles involved, and any injury to a responding police officer. Because the vehicles were owned by Silver Cloud Inn, the first two enumerated categories of damages seem to be covered by the general language of the restitution provision, which obligated Mowery to pay restitution to the named victim of the crime of conviction.

The parties expressed two different interpretations of the restitution section of Mowery's plea agreement when read as a whole. The State read the language of this provision literally, construing the repetition simply as a "belt and suspenders" approach. Mowery interpreted the more specific language of the listed categories to supplant the general requirement of restitution "in full." Despite the redundancy, the plain language of the provision supports the State's interpretation. The restitution term indicates that Mowery will pay restitution in full to the victim "and" restitution for the listed categories of damages. The provision contains no language indicating that the enumerated categories are intended to alter the obligation to pay restitution in full to the victim.

Mowery argues that the State's reading renders superfluous the portion of the restitution provision specifying the categories of damages to be included in the award. Courts favor interpretations of contracts that give effect to all provisions of the contract over those that render some of the language meaningless or ineffective. Wagner v. Wagner, 95 Wn.2d 94, 101, 621 P.2d 1279 (1980). "[A] court should not disregard language that the parties have used." Snohomish County Pub. Transp. Benefit Area Corp. v. FirstGroup Am., Inc., 173 Wn.2d 829, 840, 271 P.3d 850 (2012).

Here, neither proposed interpretation gives full effect to every word of the restitution provision. Although the State's reading includes unnecessary repetition, Mowery's interpretation renders the first portion of the restitution provision requiring him to pay restitution in full to the victim entirely superfluous. Allowing a redundancy is a lesser evil than deleting a phrase of a signed contract. The State

did not breach the plea agreement by requesting restitution for losses sustained by the victim of the crime of conviction even though they were not included in the enumerated categories of damages.

II.     Causal Connection

Mowery also argues that the court erred in imposing restitution for the contested items over his objection. A trial court's order of restitution will not be disturbed on appeal absent an abuse of discretion. State v. Tobin, 161 Wn.2d 517, 523, 166 P.3d 1167 (2007). An abuse of discretion occurs when the trial court's discretion is exercised on untenable grounds or for untenable reasons. State v. Enstone, 137 Wn.2d 675, 679–80, 974 P.2d 828 (1999).

It is the State's obligation to establish the amount of restitution. State v. Dedonado, 99 Wn. App. 251, 257, 991 P.2d 1216 (2000). Because the clothing items did not fall into the categories of damages for which Mowery agreed to pay restitution, the State needed to show that they were losses sustained by Silver Cloud Inn that were causally connected to the burglary. See RCW 9.94A.753(3); Tobin, 161 Wn.2d at 524. A causal connection exists if the State shows by a preponderance of the evidence that the loss to the victim would not have occurred but for the offense. Id. "A causal connection is not established simply because a victim or insurer submits proof of expenditures for replacing property." Dedonado, 99 Wn. App. at 257. Such documentation does not necessarily show how or whether the costs were related to the offender's crime. See Id.

Here, to support its request for restitution, the State presented a letter from Emmett Boyle, Silver Cloud Inn's director of assets, stating that Mowery "stole a

shirt and a neon green construction sweatshirt—which he was wearing per the clothing description on the Bellevue Police report." No report describing Mowery's attire at the time of his arrest appears in the record before this court. Boyle submitted a victim loss statement listing a shirt and sweatshirt as unrecovered property and declared under penalty of perjury that the statement was true and correct. The State also presented receipts showing the replacement value of the items.

The documentation provided by the State was insufficient to establish the connection between the clothing items, the crime of conviction, and the victim of that crime. Although Silver Cloud Inn's representative asserted that Mowery stole the clothing items, nothing in the record before this court indicates that Mowery took the items from Silver Cloud Inn during the burglary. The trial court abused its discretion when it ordered restitution based on evidence that did not establish a causal connection between Mowery's actions and the claimed damages.

If the State fails to establish the causal connection between the crime of conviction and the damages within the 180-day period set forth in RCW 9.94A.753(1), this court must vacate the unproven portions of the restitution order. Dedonado, 99 Wn. App. at 257–58. Mowery was sentenced on May 25, 2018. Because the 180-day period for setting restitution has expired, we vacate the portions of the restitution order relating to the clothing items and remand for entry of a revised restitution order.

III.     Legal Financial Obligations

Mowery argues that the $100 DNA collection fee should be stricken from his judgment and sentence in light of State v. Ramirez, 191 Wn.2d 732, 426 P.3d 714 (2018). In 2018, the legislature amended a number of statutes concerning legal financial obligations, including the statute governing the DNA collection fee. LAWS OF 2018, Ch. 269, § 18. The current version of the statute provides that qualifying sentences must include the DNA collection fee "unless the state has previously collected the offender's DNA as a result of a prior conviction." RCW 43.43.7541. The Washington Supreme Court held that these statutory changes applied prospectively on remand to cases pending on appeal when the amendments were enacted. Ramirez, 191 Wn.2d at 747. The State agrees that it is appropriate to strike this fee because its records show that Mowery's DNA was previously collected before the sentencing in this case. We accept the State's concession and order that the DNA collection fee be stricken from the judgment and sentence on remand.

Remanded for further proceedings.

WE CONCUR:

- 11 -