IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| STATE OF WASHINGTON, | No. 84176-9-I |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| CABLE, PRESTON KENT, DOB: 06/22/1986, | |
| Appellant. | |

BOWMAN, J. — Preston Kent Cable appeals the amended restitution order entered following his plea of guilty to nine offenses. Cable argues that we must vacate the restitution order because substantial evidence does not support the amount imposed and lacked an adequate causal connection to the charged crimes. Finding no error, we affirm.

FACTS

The State charged Cable with nine crimes committed between 2019 and 2022 in Snohomish County. The crimes included count 6, second degree burglary of the community room at the Farm by Vintage apartment complex on December 28, 2021; count 7, second degree burglary of Marshbank Construction on January 2, 2022; count 8, possession of Marshbank Construction's stolen Ford F-450 flatbed truck on January 2, 2022; and count 9, possession of Malik Noori's stolen Toyota Highlander SUV[1] on March 10, 2022.

---

[1] Sport utility vehicle.

This opinion bases the citations and pin cites on the Westlaw online version of the cited material.

Cable pleaded guilty to all nine counts on March 22, 2022. In his plea agreement, Cable stipulated that "[f]acts to be considered for imposing sentence are as set forth in the affidavit(s) of probable cause." Cable also agreed the State could seek and he would pay restitution "in full" for "[c]harged" and "[u]ncharged" crimes. The same day, the court imposed a standard-range sentence and entered an agreed restitution order for $6,217.59 for counts 1 and 2 only.

On May 31, 2022, the sentencing court held a hearing on the State's request to amend the restitution order to add losses for counts 6, 7, 8, and 9 and uncharged crimes. The State submitted insurance policy documents, receipts, and victim loss statements from the Farm by Vintage and Noori. Cable agreed to reimburse the Farm by Vintage for count 6, but he contested paying restitution for the losses to Marshbank Construction and Noori.

As to counts 7 and 8, the Snohomish County Sherriff's Office report on probable cause to arrest (affidavit) states that on January 2, 2022, Cable and an accomplice entered the Marshbank Construction property, loaded "items" onto the company's Ford F-450 flatbed truck, and drove away in the truck "at a high rate of speed." After a "long follow," police stopped the stolen truck and arrested the driver, Cable. Police found Marshbank Construction's paint stripper on the flatbed. They then had the F-450 towed back to Marshbank Construction at the owner's request.

As to count 9, the affidavits state that on March 10, 2022, police observed Cable driving a Toyota Highlander that Noori had reported as stolen from his apartment complex on February 24, 2022. When police stopped the Highlander,

Cable fled, but officers eventually caught and arrested him. After an officer read him his Miranda[2] rights, Cable admitted that he had "lifted" the vehicle " 'a few weeks' " earlier from the same apartment complex where Noori lived and last saw his SUV.

Sentry Insurance sought $14,411.98 for the amount it paid to repair Marshbank Construction's Ford F-450. Noori's insurer, Allstate Insurance Company, asked for $4,932.31 for the amount it paid to Noori for damages to the Toyota Highlander and property missing from the SUV, including clothing, jewelry, and luggage. Noori asked for $5,000 for lost property not covered by Allstate.

In opposition, Cable argued that the alleged damage to the Ford F-450's transmission, suspension, wheels, and tires occurred before he stole it. As to the Toyota Highlander, Cable conceded that Noori may be owed something for damages, but because the amount of restitution was not "easily ascertainable" based on the evidence Noori provided, the court had no "basis to impose any amount."

On June 1, 2022, the sentencing court entered written findings of fact and conclusions of law amending the restitution order to $32,407.17. The court awarded Sentry Insurance $14,411.98 for costs to repair the Ford F-450. It concluded Cable "presented no evidence to support [his] objection to the documented claim of the victim," and "it is reasonable that the damage resulted from [Cable's actions] in driving the vehicle to escape from police." As to

---

[2] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

damages and property loss associated with the Toyota Highlander, the court awarded Noori $4,009.51, concluding that "[t]he amount of his loss is clearly ascertainable from the documentation provided by Allstate, supported by Mr. Noori's letter to the Court." The court also awarded Allstate $4,932.31 for the claims it paid to Noori.

Cable appeals.

ANALYSIS

Cable argues that we must vacate the restitution order because substantial evidence does not support the amount imposed for damage to the Ford F-450 and the property missing from the Toyota Highlander, and the restitution ordered lacked a causal connection to the charged crimes.[3]

A sentencing court's authority to order restitution is purely statutory. State v. Griffith, 164 Wn.2d 960, 965, 195 P.3d 506 (2008). We will not disturb a trial court's restitution order absent an abuse of discretion. State v. Enstone, 137 Wn.2d 675, 679, 974 P.2d 828 (1999). A trial court abuses its discretion when it exercises it on untenable grounds or for untenable reasons. State v. Lormor, 172 Wn.2d 85, 94, 257 P.3d 624 (2011).

The legislature grants broad powers of restitution to the sentencing court. State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007). Restitution is required "whenever the offender is convicted of an offense which results in injury

---

[3] Cable also asserts ineffective assistance of counsel as much as defense counsel's failure to object on the same grounds below was not specific enough to preserve the issue for appeal. The State did not respond to the argument. Because we address the merits of Cable's challenge to the restitution order, we need not address his ineffective assistance of counsel claim.

to any person or damage to or loss of property." RCW 9.94A.753(5). Restitution is both punitive and compensatory. State v. Kinneman, 155 Wn.2d 272, 280, 119 P.3d 350 (2005). "[T]he plain language of the restitution statute allows the trial judge to order restitution ranging from zero in extraordinary circumstances, up to double the offender's gain or the victim's loss." Tobin, 161 Wn.2d at 524; see RCW 9.94A.753(3).

"Absent agreement from the defendant as to the amount of restitution, the State must prove the amount by a preponderance of the evidence." Tobin, 161 Wn.2d at 524. The sentencing court must base the amount of restitution "on easily ascertainable damages for . . . loss of property." RCW 9.94A.753(3). But the State need not establish the restitution amount with specific accuracy. Griffith, 164 Wn.2d at 965. And although the rules of evidence do not apply at restitution hearings, the evidence admitted must be reliable. State v. Pollard, 66 Wn. App. 779, 784-85, 834 P.2d 51 (1992). " 'Evidence supporting restitution is sufficient if it affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture.' " Griffith, 164 Wn.2d at 965[4] (quoting State v. Hughes, 154 Wn.2d 118, 154, 110 P.3d 192 (2005), abrogated on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006)).

Ford F-450

Cable argues that the State failed to meet its burden to prove a causal connection between his crimes and the claimed damages to the Ford F-450,

---

[4] Internal quotation marks omitted.

including repairs to the truck's wheels, tires, front suspension, and transmission. According to Cable, no evidence links these damages to his brief possession of the truck, so the sentencing court abused its discretion when it found a causal connection based on "mere speculation and conjecture." We disagree.

Restitution is allowed only for losses that are causally connected to the crimes charged. Kinneman, 155 Wn.2d at 286. "Losses are causally connected if, but for the charged crime, the victim would not have incurred the loss." Griffith, 164 Wn.2d at 966. The evidence is sufficient if it affords a reasonable basis for estimating loss based on a causal connection between the crime and the victim's damages. State v. Dedonado, 99 Wn. App. 251, 256, 991 P.2d 1216 (2000). Whether a loss is causally connected to the crime for which the defendant was convicted is a question of law we review de novo. State v. Acevedo, 159 Wn. App. 221, 229-30, 248 P.3d 526 (2010).

Here, the evidence showed that Cable "sped away" from the Marshbank Construction property in the company's Ford F-450, that police pursued him at "a high rate of speed," and that they "eventually stopped [him] after a long follow." The truck was then "towed back to the incident location." Based on this evidence, it is reasonable to infer that the truck was drivable at the time Cable stole it but no longer drivable after the pursuit. And Sentry Insurance provided photographs and receipts documenting the damage to the truck and the cost to repair it. Accordingly, we conclude that the State met its burden to prove by a preponderance of the evidence that but for the theft of the Ford F-450, the claimed damages would not have occurred.

Relying on Dedonado, Cable argues that the documentation the State provided "did not establish a causal connection between Cable's actions and the damage to the truck." In Dedonado, the defendant damaged a van's ignition switch while stealing the van. 99 Wn. App. at 253. At the restitution hearing, the State provided a preliminary estimate from a mechanic that included costs to " 'fill all fluids' " and " 'align front suspension' " in addition to repairing the ignition switch. Id. at 255.[5] We held that the State's documentation "did not establish a causal connection between Dedonado's actions and the damages" because it was impossible to determine whether "all of the repairs to the van were related to the damaged ignition switch." Id. at 257.

Unlike Dedonado, the State presented sufficient evidence to support a causal connection between Cable's criminal conduct and the damage to the Ford F-450.

Cable further relies on Dedonado to argue that the court improperly faulted him for "present[ing] no evidence to support [his] objection to the documented claim of the victim" when it is the State's obligation to establish the amount of restitution. In Dedonado, we held the restitution statute does not require the defendant to notify the State that he is challenging restitution evidence before the court holds a hearing, and the sentencing court "improperly imposed that requirement" on the defendant, shifting the burden of proof. 99 Wn. App at 257. Here, although the sentencing court noted that Cable offered no evidence in support of his argument, it did not require him to do so, and it did not

---

[5] Capitalization omitted.

relieve the State of its burden to prove the amount of restitution by a preponderance of the evidence.

Toyota Highlander

Cable argues that the sentencing court erred by awarding restitution for the items missing from Noori's Toyota Highlander because the value of the missing items was not easily ascertainable.  Cable points out that Noori claimed $5,000 for missing jewelry in his victim loss statement but previously claimed in an e-mail to the prosecutor that it was valued at $4,000.  He also points out that both amounts differed slightly from the loss estimated by Allstate Insurance.

As discussed, while the court must base restitution on "easily ascertainable" damages, the amount of loss need not be shown with specific accuracy.  Kinneman, 155 Wn.2d at 285.  " 'Once the fact of damage is established, the precise amount need not be shown with mathematical certainty.' "  State v. Bush, 34 Wn. App. 121, 124, 659 P.2d 1127 (1983) (quoting Haner v. Quincy Farms Chems., Inc., 29 Wn. App. 93, 97-98, 627 P.2d 571 (1981), aff'd in part and rev'd in part on other grounds by 97 Wn.2d 753, 649 P.2d 828 (1982)).

Cable does not dispute that Noori lost property or the court's determination that the loss flowed causally from Cable's actions.  Indeed, the evidence before the sentencing court included police affidavits, Noori's victim loss statement, a previous e-mail from Noori documenting items missing from the SUV, and documentation from Allstate Insurance.  This documentation provided sufficient evidence for the court to ascertain the losses and the amount of restitution owed to Noori and Allstate.  And although Cable asserts that Noori's

victim loss statement does not qualify as competent evidence,[6] credibility determinations are for the trier of fact and are not subject to review. State v. Mines, 163 Wn.2d 387, 391, 179 P.3d 835 (2008). There was no abuse of discretion.

Cable also argues that we must vacate the restitution order because he did not expressly or otherwise agree to pay restitution for uncharged crimes associated with Noori. We disagree.

"A plea agreement is like a contract and is analyzed according to contract principles." State v. Sanchez, 146 Wn.2d 339, 347, 46 P.3d 774 (2002). The sentencing court may not impose additional restitution for uncharged crimes unless the defendant expressly agrees to do so as part of the plea bargain process. State v. Woods, 90 Wn. App. 904, 908, 953 P.2d 834 (1998).

Here, Cable pleaded guilty to possessing Noori's Toyota Highlander on March 10, 2022. As Cable accurately notes, the State did not prove that his possession of the car on that date caused the items to go missing. But Cable unambiguously stipulated as part of his plea agreement that "the State may seek restitution in full" for "[c]harged" and "[u]ncharged" crimes, including crimes involving Noori as described in the police affidavits, and that he "agrees to pay restitution in full" for "[c]harged" and "[u]ncharged" crimes as described in the police affidavits. Those affidavits establish that Noori reported the Toyota Highlander as stolen on February 24, 2022, that Cable admitted stealing it from

---

[6] Cable insists Noori's "unsworn" victim loss statement was not competent evidence. Noori did not swear to the damages listed in his e-mail, but he did sign the victim loss statement under the penalty of perjury.

the same apartment complex where Noori lives, and that he admitted to possessing the vehicle " 'for a few weeks.' "

Cable obligated himself to pay for uncharged crimes based on the police affidavits. Because the affidavits establish he stole the SUV and, in turn, its contents, the sentencing court did not abuse its discretion in finding that he was responsible for losses that flowed causally from the uncharged theft.[7]

Because a preponderance of the evidence supports the amount of restitution and there is a causal connection between the losses and the charged crimes, the sentencing court's restitution order was not an abuse of discretion. We affirm.

Brennan, J.

WE CONCUR:

Coburn, J.            Mann, J.

---

[7] Cable's reliance on cases holding that "restitution can only be based on damages caused during the dates for which the State charges the defendant with a crime" is misplaced. In those cases, unlike here, the defendants did not agree that the State could seek restitution for uncharged crimes. See Woods, 90 Wn. App. at 908-09; Acevedo, 159 Wn. App. at 229-31; State v. Tetters, 81 Wn. App. 478, 480-81, 914 P.2d 784 (1996).